## WALES v. VANDERHOOF.

*Directed verdict—Waiver by introduction of evidence by defendant —Effect of renewal of motion at close of evidence—Charge to jury—Excessive speed of automobile—Section 12603, General Code (108 O. L., pt. 1, 471)—Presumptive negligence only—Error to charge negligence per se.*

1. The right of defendant to rely on his motion for a directed verdict at the conclusion of the plaintiff's evidence is waived by his introducing evidence on his own behalf.

2. When defendant renews such motion for a directed verdict at the close of all the evidence he presents a question not as to the sufficiency of plaintiff's evidence but as to the sufficiency of all the evidence to sustain the action.

3. By virtue of the amendment of Section 12603, General Code (108 O. L., pt. 1, 471), it is error for the trial court, in an action to recover for injuries sustained by the alleged negligent operation of a motor vehicle driven at an excessive rate of speed within the city limits, to charge the jury that if they find the defendant at the time of the accident was driving his automobile outside of the business and closely built-up portion of the city at a rate of speed in excess of twenty miles per hour such speed was negligence *per se.*

(Decided November 11, 1921.)

ERROR: Court of Appeals for Summit county.

*Messrs. Musser, Kimber & Huffman,* for plaintiff in error.

*Mr. Jonathan Taylor,* for defendant in error.

TREASH, J.   This is a proceeding in error brought by plaintiff in error, defendant below, to reverse the judgment of the common pleas court of Summit county secured against him by defendant in error.   The parties will be referred to as they stood in the trial court.

The plaintiff, Louise Vanderhoof, in her petition claims that she was injured through the negligent and careless operation of an automobile driven by one Hughes at an excessive and unlawful rate of speed and in a reckless and careless manner; that the automobile in question was owned by the defendant, Arvin C. Wales, and that Hughes was at the time in the employ of and engaged in business for the defendant and acting within the scope of his employment.

Defendant Wales in his answer alleged that he had no direction or control over Hughes, nor of the automobile used by him, and also denied generally any negligence on the part of Hughes.

The errors complained of are in substance as follows:

1. That the court erred in overruling defendant's motion to direct a verdict at the conclusion of plaintiff's evidence, and also at the conclusion of all the evidence, because there was a failure of proof to show any relation of master and servant, or control that defendant had over Hughes at the time of the accident, and that this was especially true when plaintiff first rested her case.

After plaintiff had concluded her testimony in chief, and the motion had been overruled, defendant offered testimony which further tended to show some control by Wales of Hughes and the automobile in question. Had defendant rested his case upon the offering of his first motion, and allowed his cause to be submitted to the jury upon the evidence before the court, he would then have presented a question as to the sufficiency of the evidence to maintain the plaintiff's action, but when he introduced evidence in his own behalf he thereby waived his right to rely

upon that motion, and when he renewed his motion to direct a verdict at the conclusion of all the testimony he thereby presented a question not as to the sufficiency of plaintiff's evidence but as to the sufficiency of all the evidence to sustain the action. Were this not the rule the court might be put in the position of nonsuiting a plaintiff for failure to produce necessary evidence upon a material issue, which the defendant himself supplied in his evidence. This holding is not in conflict with that of the supreme court in the case of *City of Zanesville* v. *Stotts,* 88 Ohio St., 557, wherein the court held that the failure to renew a motion to direct a verdict at the conclusion of all the testimony was a waiver of the motion made at the conclusion of plaintiff's evidence. This holding is rather in support of the rule there announced and is in substance that the court would not pass upon a part of the evidence when all of it was before the court.

We have carefully read all the evidence in the record and we not only unanimously find that there was evidence requiring the overruling of the motion at the conclusion of all the testimony and the submission of the cause to the jury upon the question of the relation of master and servant existing between Wales and Hughes, but also are of the opinion that the verdict of the jury is not manifestly against the weight of the evidence upon that phase of the case.

2. The second complaint is that the court erred in its general charge in instructing the jury as follows:

"Now, it is claimed on the part of the plaintiff that the servant Hughes was negligent in driving his car, in that he was driving it at a high rate of

speed. The law of Ohio provides that cars shall not be driven faster than twenty miles an hour in cities outside of the thickly populated parts thereof. If you should find from the evidence that Hughes was driving his car more than twenty miles an hour, you would be warranted in finding that he was negligently driving his car at a high rate of speed; that is, he was negligent, in the manner as lawyers understand it as violating the statute, guilty of statutory negligence, which is merely a wrongful act in the sense that you are violating a prohibitory law; and if, by that negligent act, he injured the plaintiff, and her injury was the result of that negligent act, and that negligent act was the proximate cause of the injury, then you would be warranted in finding that he was negligent and that the injury resulted from such negligence."

The accident in question occurred June 6, 1920, within the city limits of Akron, and by both the pleadings and the evidence it was contended by plaintiff that Hughes was operating his automobile at the time of the accident at a speed in excess of twenty miles per hour. The instruction given was in accord with the holding of the supreme court in the case of *Schell* v. *DuBois, Admr.,* 94 Ohio St., 93, and was in substance a direction to the jury that if they found that the defendant's servant, Hughes, was driving his automobile within the city of Akron at a rate of speed in excess of twenty miles per hour at the time and place of the accident, such speed was negligence *per se,* and that if such negligence was the proximate cause of the injury then a verdict should be returned against the defendant.

This no doubt was good law before the amendment of Section 12603, General Code, as found in

108 Ohio Laws, pt. 1, page 471, wherein a rate of speed in excess of twenty miles per hour in portions of a municipality other than in the business and closely built-up sections thereof is only presumptive evidence of a rate of speed greater than is reasonable and proper, and not negligence *per se,* and this amendment had been passed and was in operation prior to the time of receiving the injuries complained of.

Section 12603, General Code, now reads as follows:

"Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars, nor more than one hundred dollars.

"A rate of speed greater than fifteen miles an hour in the business and closely built up portions of a municipality or more than twenty miles an hour in other portions thereof, or more than thirty miles an hour outside of a municipality, shall be presumptive evidence of a rate of speed greater than is reasonable or proper."

The gist of the offense as provided in the statute is operating a motor vehicle "at a speed greater than is reasonable or proper * * * or so as to endanger the property, life or limb of any person." Speed is only one of the elements that may be considered in determining whether the motor vehicle is being operated in an unlawful manner. If such speed exceeds fifteen miles per hour in the business

and closely built-up portions of a municipality, or exceeds twenty miles per hour in other portions thereof, such rate of speed is presumptive evidence of a rate greater than is reasonable or proper; but, like all presumptions, it is rebuttable, and when, as in the present case, the defendant denied that he was, and offered evidence tending to prove that he was not, operating his automobile at a greater rate of speed than was reasonable and proper, it became the duty of the court to charge the law applicable to the issue, which was that a rate of speed greater than twenty miles per hour was only presumptive evidence of a rate greater than was reasonable or proper, but that if there was sufficient evidence to rebut this presumption it was then a question of fact under all the circumstances for the jury to determine what was a reasonable and proper rate of speed at the time and place of the accident. The court limited the issues in this charge to the matter of the rate of speed, and, having instructed the jury erroneously as to the law, the error was highly prejudicial to the rights of the defendant, and the verdict will have to be reversed and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed, and cause remanded.*

WASHBURN, P. J., and PARDEE, J., concur in judgment.