Allen, J.
 

 This action arose out of a personal injury sustained by the defendant in error in an automobile accident in which the plaintiff in error was charged with driving his car ahead of a street car in the city of Canton past a car stop. The verdict in favor of the defendant in error is amply sustained by the evidence, and the only legal question arising in the case grows out of the charge of the judge of the court of common pleas with relation to Section 12603, General Code. In charging the jury after argument the court made the following statement:
 

 “Now, at the time of the commission of the alleged acts of negligence, the law of the state of Ohio contained certain provisions regulating the operation of motor vehicles upon the public highways of this state. That law is in substance as follows:
 

 “ ‘Whoever operates a motor vehicle * * * on a public road or highway, at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such highway, or so as to endanger the property or life of another person, shall * * *’ be dealt with as provided by law.
 

 
 *10
 
 “And the law also provides:
 

 “ ‘A rate of speed greater than 15 miles an hour in the business or closely built-up portions of a municipality or more than 20 miles an hour in other portions of a municipality, shall be presumptive evidence of a speed greater than is reasonable. ’
 

 “Now, the place of this accident was within the limits of the municipality of the city of Canton, Ohio.
 

 “By ‘presumptive evidence’ is meant evidence sufficient to establish a fact unless there is other evidence submitted rebutting or denying that fact; or, in other words, it means such evidence as to establish the presumption of a fact to exist which would require some evidence to meet or to overcome that evidence, and this presumption is, of course, a rebuttal presumption, that is, one that may be overcome by evidence. The offense provided against in the statute is the operation of motor vehicles at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such highway or so as to endanger the property, life or limb of another person.”
 

 The action was commenced in the court of common pleas upon November 13, 1923. The accident out of which the action grew took place upon April 4, 1923. Upon July 26, 1923 (110 O. L., 138), an amendment to Section 12603, General Code, became effective, changing the part of the section above quoted with regard to the rate of speed of “more than 20 miles an hour” outside of the business or closely built-up portions
 
 *11
 
 of a municipality so as to provide that “a. rate of speed * * * more than twenty-five miles an hour in other portions thereof, * # * shall be
 
 prima facie
 
 evidence,” etc.
 

 It was conceded at the trial that the accident occurred outside of the business or closely built-up portions of the city of Canton, but within the city. The defendant below admitted at the trial that he might have been driving the car 25 miles an hour at the time of the accident, and hence it became material whether the court charged the jury that '20 or 25 miles an hour was presumptive evidence of speed greater than reasonable. The plaintiff in error claims that it was prejudicial and reversible error for the court to charge the jury upon the basis of the statute as it existed upon April 4, 1923, contending that the statute does not define a limit of speed which it is not lawful to exceed, nor prescribe any rule of conduct.
 

 Plaintiff in error therefore urges that this part of the statute is a rule relating merely to remedy, and that hence the amended portion of the statute applies to actions started after the amendment was effective, even though the cause of action accrued before the effective date of the statute. He bases his contention upon the case of
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539, which construed Section 26 of the G-eneral Code, which reads as follows:
 

 “Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or
 
 *12
 
 amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
 

 The first and second paragraphs in the
 
 Shoffstall case, supraf
 
 read.:
 

 “(1) Section 11455, General Code, as amended February 6, 1913 (effective May 14, 1913), does not apply to causes pending in the common pleas courts of this state on the 13th day of May, 1913.
 

 “(2) This amended section relates to the remedy only, and applies to all actions commenced in the common pleas courts of this state, on and after the 14th day of May, 1913, regardless of the time when the cause of action arose.”
 

 Plaintiff in error claims that an amendment relating to remedy only was passed when Section 32603 was amended, and that under the
 
 Shoffstall case
 
 this amendment applies to actions begun after the amendment takes effect, regardless of the time when the cause of action arose.
 

 The argument of the plaintiff in error is therefore predicated upon his contention that the amendment of Section 12603 relates only to remedy and procedure, constituting a mere rule of evidence. We cannot agrele with this contention. Tihe plaintiff in error himself concedes that the first part of the section, which relates to the operation of a motor vehicle upon a public highway at a speed that is greater than reasonable or proper, prescribes a rule of conduct. Now the
 
 *13
 
 specific part of the section, which relates to presumptive evidence, is an integral part of the statute. It cannot he separated from the first part of the section and stand by itself alone. The provision, with regard to presumptive evidence, relates to and explains only Section 12603, and no other section of the General Code. If the first sentence of the section were eliminated therefrom, the last sentence of the section by itself alone would have no force or effect. The amendment has no meaning apart from that part of the section which concededly prescribes a rule of conduct. We have to read the amendment in' conjunction with the rest of the statute to give it any significance whatever.
 

 With this fact in view, what meaning has the amendment considered in conjunction with the rest of the statute? Is it remedial, or procedural merely, or does it also relate to the rule of conduct laid down in the first part of the section?
 

 The amendment clearly has some relation to the remedy in that it does prescribe a rule of evidence for the trial of automobile cases before a jury. However, the amendment also has a vital relation to the rule of conduct enacted in the first sentence. It does not lay down that a rate of speed greater than 20 miles an hour, in other than the closely built-up portions of a municipality, shall be presumptive evidence of a speed that is greater than reasonable in the view of the jury only; it lays down that rule for the conduct of the driver himself. When the driver exceeds that speed he knows that he is presumptively violating the law, and that the width, traffic, use, and the general
 
 *14
 
 and usual rules of the highway must justify his exceeding the presumptive speed limit. In other words, this part of the section, which is claimed to be remedial merely, does more than to furnish a rule of evidence in the trial of cases, it furnishes a standard by which the driver is to test the reasonableness and propriety of his own speed. The contention of the plaintiff in error with regard to the charge must therefore be overruled.
 

 It is also strongly urged upon us that there should be a reversal of this judgment owing to misconduct of counsel. We have considered the record carefully from that aspect, and we find that counsel upon both sides wandered from the strict path so far as going out, of the record is concerned, and that the court emphatically admonished the jury not to consider the subjects outside the record mentioned by counsel for defendant in error. In our judgment the misconduct was not so prejudicial as to affect the verdict. The judgment will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Kinkade and Robinson, JJ., concur.
 

 Matthias, J., concurs in the syllabus.