## KOPPE v. STATE.

*Criminal law—Embezzlement—Failure of mayor to pay fines and penalties into municipal treasury—Sections 4270 and 12873, General Code—Question for jury—Receipt of fine and denial thereof, as evidence of conversion—Charge to jury—Failure to pay into treasury evidence of intent to convert—Statutory requirement imperative as to manner and time of payment—Embezzlement defined as breach of trust—Mandatory duty to report and pay receipts into municipal treasury—Failure to pay into treasury prima facie evidence of embezzlement—Section 13674, General Code—Charge to jury—Materiality of replacement of embezzled money by defendant.*

1. Evidence that accused, as mayor of city, received fine, and subsequently denied receipt thereof, *held* to make embezzlement, under Sections 4270 and 12873, General Code, question for jury.

2. Instruction that failure of mayor to comply with Section 4270, General Code, as to payment of moneys into city treasury and to submit statement thereof, could be considered on question whether he intended to convert it to his own use, *held* more favorable to accused than law required.

3. Section 4270, General Code, requiring mayor, receiving money for city's use, to pay it into treasury, makes his duty imperative as to manner and time, though no penalties are imposed.

4. "Embezzlement" is a breach of duty.

5. In case of private embezzlement, under Section 12467, General Code, it is evidence of conversion if agent has not accounted to principal for funds at time when it was his duty to account.

6. Section 4270, General Code, imposes mandatory duty on mayor to report all receipts, and to pay them into municipal treasury, and violation thereof is violation of his duty.

7. Where mayor of city failed to make settlement of official accounts, as required by Section 4270, General Code, in-

struction that failure to pay over public moneys by officer charged with collection thereof was *prima facie* evidence of embezzlement *held* applicable, in view of Section 13674, General Code.

8. Section 13674, General Code, making failure or refusal to pay over public moneys *prima facie* evidence of embezzlement, when read in connection with Section 4270, makes only a *prima facie* case against one retaining funds beyond period permitted.

9. In prosecution of mayor for embezzlement of fine received, where charge as a whole properly directed jury that, if state had shown that defendant embezzled money, it was immaterial that he subsequently replaced it, excerpt therefrom that it was not material that defendant afterward replaced money was not·.error, because fact of replacement might be considered in ascertaining original intent in taking it.

(Decided April 20, 1926.)

ERROR: Court of Appeals for Hocking county.

*Messrs. Hogan, Hogan & Hogan,* and *Mr. H. M. Whitcraft,* for plaintiff in error.

*Mr. Eugene Wright,* prosecuting attorney, and *Mr. Claude W. Pettit,* for defendant in error.

MAUCK, P. J. Koppe was indicted, tried, and convicted of embezzling $400, which came into his hands as mayor of the city of Logan. Judgment was entered on the verdict, and he now seeks to reverse that judgment.

The indictment was returned under Section 12873, General Code, and the $400 charged to have been embezzled was a fine, or fine and costs, collected by Koppe, as mayor, in certain cases prosecuted to judgment in his court, where one Ben

Brown had been found guilty of violating an ordinance of that city.

It is urged in this proceeding that the court erred in not sustaining a motion of the defendant to take the case from the jury at the conclusion of the state's testimony, and it is also argued that there was error prejudicial to the accused in the instructions to the jury.

The record shows that the defendant was at the time the mayor of the city of Logan, and as such mayor that he, in the course of his official duty, collected from Ben Brown the sum of $400. It is shown that this money was paid to Koppe in cash, in June, 1923, in the presence of the prosecuting attorney and others. It is further shown that for the month of June, 1923, and for several succeeding months, Koppe made a monthly report to council, as required by Section 4270, General Code, of the moneys which had been received by him as such mayor, and that no mention was made in any of those reports of the $400 collected by him from Ben Brown. For some of the months after May, Koppe seems to have been delinquent in making his reports and settlement with the city auditor, and late in the fall the auditor asked him why he did not turn in the money as the law required. She further asked him what he would do when the state examiner should come, to which she testifies that he made no answer, and in response to a suggestion of hers said that he did not care. The state examiner began an examination of the mayor's books in October, 1923, and after he had been pursuing his investigations for some time, in a conversation with Koppe, he inquired about a

number of cases on the mayor's docket, among others about the cases of Ben Brown, and particularly asked Koppe if Ben Brown had paid his fine, or any part of it. Koppe replied that no part of it had been paid. Some time later the examiner confronted Koppe with the receipts evidencing the payment by Brown of these fines, and thereupon the accused said that he had received the money, without making any explanation or other statement relating thereto. While the docket kept by the mayor showed all the other proceedings in the Ben Brown cases, there was nothing on the docket indicating that the fines in question had ever been paid, nor were such entries ever made until the examiner directed that they be made, after Koppe had admitted the receipt of the money.

In addition to the foregoing, a number of witnesses were placed on the stand, whose testimony tended to show that they had paid money to the accused for the benefit of the city, and that he had appropriated these various payments to his own use, all of which, of course, was for the purpose of showing the intent with which he had kept the money received by him from Brown.

It is now argued that these facts do not make a case upon which the state was entitled to go to the jury, because, in not showing what Koppe did with the Ben Brown money the state did not show that he had converted it to his own use.

It has been decided a great many times that the mere retention of moneys not belonging to him by a private agent or public officer does not constitute embezzlement, and that some further fact must be shown before the complete crime is proved.

Sometimes the actual conversion is shown by the application of the funds to the agent's own particular use, as it was in the case of *State* v. *Baxter*, 89 Ohio St., 269, 104 N. E., 331, 52 L. R. A., (N. S.), 1019, Ann. Cas., 1916C, 60. Sometimes it may be shown by the agent's failure to respond to a timely demand made upon him by his principal, or some other person authorized to make the demand. *Wortman* v. *State*, 18 Ohio App., 283. But without, for the moment, passing upon the effect of Section 4270, General Code, it seems clear to us that in this case there was abundant evidence of conversion, when the defendant denied his receipt of the Ben Brown funds. To such effect is *Edelhoff* v. *State*, 5 Wyo., 19, 36 P., 627, where the Supreme Court of Wyoming held that an agent collecting rents was guilty of the complete act of conversion when he had received a month's rent on a particular house and had falsely reported the house to be vacant and no rent collected therefor.

The instant case is one of the embezzlement of public funds, and is the offense denounced by Section 12873, General Code. Section 12467, General Code, covers the embezzlement of private funds. Both sections, however, use the words "converts to his own use" in describing the gist of the offense. The Supreme Court was considering the embezzlement by a private agent, rather than a public officer, in *State* v. *Bailey*, 50 Ohio St., 636, 36 N. E., 233, but was considering precisely the same language, to wit, "converts to his own use," under which this indictment was brought. In that case the Supreme Court said, page 646 (36 N. E., 236):

"Beyond doubt, if the agent, with his employer's money in his pocket, should, upon demand, deny his receipt of it at all, or, admitting its receipt, refuse to account for it to his employer, or in any other way manifest his purpose to convert it to his own use, such conduct would constitute a conversion and complete the crime."

When, therefore, it was shown that the accused had received the fine in question, and subsequently denied such receipt, there was enough evidence to carry the case to the jury. It is, of course, true that his receipt and denial did not necessarily prove an embezzlement. It was evidence, but it was not conclusive. It tended to show guilt, but such tendency might be destroyed by evidence explaining his denial. Without explanation, however, his denial, made to one who had a right to inquire, constituted some evidence of a conversion of the funds. For this reason alone the trial court might have refused to arrest the case at the conclusion of the state's testimony.

There was another reason, however, for overruling the motion to arrest, founded upon the application to the facts of certain statutory provisions. If the court was right in giving the instructions complained of, it was right in submitting the case to the jury, and right in sustaining the verdict of guilty.

One paragraph of the court's charge complained of was this: "If you find that the sum charged to have been embezzled by the defendant in this case, or some portion thereof, was made up of fines and costs assessed and collected by the defendant in cases charging a violation of the said

ordinance of the city of Logan, and that the defendant, as such mayor, failed to pay said sum, or some portion thereof, into the treasury on the first Monday of the succeeding month, or for any period of time thereafter, or that he failed to submit to council of said city said report as required by law, or that he failed to include in his report, if he filed one, said fines so assessed and collected, then you may consider such failure or failures upon his part in determining the question as to whether or not the defendant intended to convert said money to his own use.''

This charge was given for the purpose of applying to the case the provisions of Section 4270, General Code, requiring a mayor, who has received money for the use of the municipality, to pay the same into the treasury on the first Monday of each month, and to submit to the council at the first regular meeting in each month a full statement of all moneys so received. This statute thus imposed a positive, unqualified duty upon a mayor to both report and pay over moneys received by him in his official capacity. The duty of a mayor or any other agent or officer to account to his principal would be present even though there were no statute providing therefor. The purpose of this statute clearly was to make that duty imperative as to manner and time. The statute carries with it no penalties, but it is not necessary to fix a penalty in order that a duty may be imposed. An embezzlement is a breach of duty, and the terms of this statute, fixing the duty of the mayor when he received the Ben Brown fines, becomes a part of this case, because a violation of that statute clearly

tends to show upon the part of the mayor a violation of his duty in handling the money intrusted to him.

In the case of a private employment, it is evidence of conversion if it be shown that the agent has not accounted to his principal for funds at a time when such agent is in duty bound to make his account. In the case of a private agent, this is generally at a time when a demand has been made upon him for an accounting. This statute imposes a mandatory duty upon the public officer mentioned to make a report of his receipts to the council, and to pay such receipts into the municipal treasury, and a violation of the terms of the statute is a violation of the officer's duty, to the same extent that a refusal upon demand made upon a private agent for an accounting would be a violation of the duty of such private agent. The instruction complained of says that the failure of the mayor to comply with the terms of this section may be considered by the jury in determining the question as to whether or not the accused intended to convert said money to his own use. This instruction was really more favorable to the accused than the law required. The failure was not only a matter that might be considered by the jury, for the purpose of determining the intention of the accused to convert the money, but that circumstance might very properly have been given to them as one tending to show, not a mere intention, but an actual conversion of the funds. There was, accordingly, no error prejudicial to the accused in the instruction quoted.

Further the court charged as follows: "You

are further instructed that the failure to pay over public money or a part thereof by an officer charged with the collection, receipt, transfer, disbursement or safe-keeping of such money belonging to the state or a county or municipal corporation, or to account to or make settlement with the legal authority of the official accounts of such officer, shall be *prima facie* evidence of the embezzlement thereof.''

It is complained that this instruction was not applicable to the case at bar, because there was no failure on the part of Koppe to make settlement with the legal authorities, and it is contended that to make this rule of *prima facie* evidence applicable there must be an ultimate and final failure to pay over the money in question. Such, however, is not the statute. Section 13674 makes either a failure or refusal to pay over public money, or a failure or refusal to make legal settlement of the official accounts of the officer, *prima facie* evidence of an embezzlement. The trial court clearly observed the distinction pointed out in *Theiss* v. *State,* 10 Ohio App., 412. In the *Theiss case* the court condemns an instruction to the effect that such unlawful withholding constitutes embezzlement, but holds that the failure to pay over the moneys received by an officer constitutes *prima facie* evidence, and nothing more.

It is not necessary for us to determine whether or not the request made by the auditor on Koppe, that he pay in the money that he then undoubtedly had, constituted a refusal so to do, inasmuch as the statute makes it equally culpable to fail or refuse. Clearly the accused failed to make settlement of his official accounts, so far as they covered

the Ben Brown fine, at the time required by Section 4270. Clearly he failed, and probably he refused, to perform his statutory duty; and the court was right in applying the provisions of Section 13674, General Code. The provisions of this section, when read in connection with Section 4270, are not harsh. They make only a *prima facie* case against one who has retained public funds beyond the period permitted by statute. The way is still open, after these sections are given the effect to which they are entitled, for the accused to explain why he retained the funds, where the funds were from the time when he should have paid them into the treasury, and all other facts and circumstances that would tend to exculpate him, and if he is unable to make any such explanation the jury is then required to find him guilty beyond a reasonable doubt of the odious crime of embezzlement. Any other interpretation or application of these sections would be a perversion of the letter of the statutes, and would invest an embezzler with great advantages that one innocently accused would never need.

It is finally complained that the judge's charge included the following: "Neither is it material that the defendant afterward replaced said money, by paying to the proper legal authorities or into the treasury of said city money of equal amount and value."

This is said to be erroneous, because the fact that the defendant afterward replaced the money might be taken into consideration in ascertaining the intent with which he originally kept or took it. The criticism of this charge loses all its force

when the charge as a whole is examined. The language quoted is but one clause of a sentence. The sentence as a whole fairly and properly directs the jury that, if the state has shown beyond a reasonable doubt that the defendant has embezzled the money, it is then immaterial that he subsequently replaces it, and that is the doctrine of *State* v. *Baxter,* 89 Ohio St., 269, 104 N. E., 331, 52 L. R. A., (N. S.), 1019, Ann. Cas., 1916C, 60, and all the other authorities dealing with that question.

We are of the opinion, therefore, that there is not only no error in the charge of the court justly to be complained of by the accused, but, on the other hand, we commend it as an unusually clear, able, and impartial exposition of the law involved, quite worthy of the distinguished and the lamented jurist (Pettit, J.), who submitted it to the jury.

*Judgment affirmed.*

SAYRE and MIDDLETON, JJ., concur.