## THE STATE OF OHIO *v.* BLAIR.

*Courts of Appeals—Jurisdiction determined by Constitution and not statutes—Discharge of accused on demurrer to indictment a "final judgment"—State may prosecute error proceedings, and defendant tried on merits after reversal —Accused not in jeopardy until jury sworn—Motor vehicles—Operating at speed greater than 35 miles per hour—Section 12603, General Code—Indictment insufficient in not alleging speed improper—Greater speed may be lawful and lesser speed criminal, when.*

1. Under Section 6, Article IV of the Constitution, conferring jurisdiction on court of appeals to review judgments of court of common pleas, superior courts, or other courts of record, court of appeals need no longer examine statutes to determine its jurisdiction.

2. Discharge of accused in criminal case on demurrer to indictment is "final" adjudication of rights of parties under indictment, and is such a judgment as supports proceeding in error.

3. Jeopardy does not attach to accused in criminal case until jury is sworn.

4. Judgment discharging accused on demurrer to indictment may be reviewed by state on proceeding in error, and if indictment is sufficient judgment may be reversed and defendant tried on merits.

5. Under Section 12603, General Code, prohibiting operation of motor vehicle at improper speed and providing that 35 miles per hour outside municipal corporation shall be

*prima facie* evidence of speed greater than is reasonable, indictment alleging that accused was driving at speed exceeding 35 miles an hour outside limits of city, without alleging speed was improper, *held* insufficient to state offense.

6. Under Section 12603, General Code, prohibiting operation of motor vehicle at improper speed and making 35 miles per hour outside municipal corporation *prima facie* evidence of improper speed, speed of less than 35 miles at such place might be criminal, and speed greater than that may be lawful.

(Decided April 7, 1927.)

ERROR: Court of Appeals for Pike county.

*Mr. Earl D. Parker,* for plaintiff in error.
*Mr. Edgar G. Millar,* and *Mr. Levi B. Moore,* for defendant in error.

MAUCK, J. An indictment was returned by the grand jury of Pike county against Guy Blair, who filed a demurrer thereto. The demurrer was sustained and the accused discharged. From this judgment the prosecuting attorney in the name of the state prosecutes error, seeking by petition in error in this court to have the judgment entered on the demurrer reversed and the state "restored to all things it has lost by reason thereof."

Whether the state has authority to file the petition in error and this court power to review the judgment complained of is a question apparently not settled, nor heretofore considered, since the Court of Appeals with its constitutional jurisdiction has succeeded the circuit court with its statutory jurisdiction.

In considering the jurisdiction of the circuit

court, the Supreme Court of Ohio in *State* v. *Simmons,* 49 Ohio St., 305, 31 N. E., 34, held:

"Where a demurrer to an indictment is sustained, and the defendant discharged by the court of common pleas, the circuit court, under Section 7356 of the Revised Statutes, has no jurisdiction, on a petition in error filed in behalf of the state, to review the action of the court of common pleas in sustaining the demurrer."

Section 7356, Revised Statutes, under consideration in that case, provided that in any criminal case "a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court." The Supreme Court expressed the view that this language was to be read in connection with the immediately following sentence, which authorized the Supreme Court to review the circuit court in criminal cases only where such cases had resulted in the conviction of the accused, and concluded that the language quoted was designed to confer the right of review only on a convicted defendant in a criminal case, and the court found further that other sections of the statutes *in pari materia* required such interpretation of that section.

Since *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, 111 N. E., 159, however, we no longer examine the statutes to determine the jurisdiction of this court. Such jurisdiction now by virtue of Section 6, Article IV, of the Ohio Constitution, is "to review, affirm, modify, or reverse the judgments of the court of common pleas, superior court, and other courts of record within the district as may be provided by law." In the *Polyclinic case* it was said that this provision "confers upon the

Courts of Appeals jurisdiction to review   *   *   •
all judgments of the courts of common pleas.''

That the discharge of the accused in this case
was a judgment can hardly be questioned. It was
a final adjudication of the rights of the parties
under this particular indictment, and was there-
fore such a judgment as might support a proceed-
ing in error. *Chandler & Taylor Co.* v. *Southern
Pac. Co.,* 104 Ohio St., 188, 135 N. E., 620. That
it is desirable that the state enjoy the right to
review such a judgment as that involved herein is
apparent. If the indictment is sufficient, and the
trial court is in error in sustaining the demurrer,
there is certainly no good reason why the state
should not have the right to try out the facts in
issue and vindicate its laws, if the accused has
violated them; otherwise the error of the trial
judge may result in an arbitrary denial of the
state's right to prosecute one properly and ad-
equately charged by a grand jury of law breaking.
*State* v. *Bouknight,* 55 S. C., 353, 33 S. E., 451,
74 Am. St. Rep., 751. It is true that as a general
rule error proceedings are denied the state in
criminal prosecutions, because such proceedings
would be vain after a verdict of acquittal. A second
trial with its renewed jeopardy would be a violation
of the constitutional rights of the accused. All
this is well set forth by Mr. Justice Day in *Kep-
ner* v. *United States,* 195 U. S., 100, 24 S. Ct., 797,
49 L. Ed., 114, 1 Ann. Cas., 655. The learned
justice, however, in that case distinguishes be-
tween a review following a verdict of acquittal
and a review of a case disposed of on demurrer.
He says:

''We are not here dealing with those statutes
which give to the Government a right of review

upon the steps merely preliminary to a trial and before the accused is legally put in jeopardy, as where a discharge is had upon motion to quash or a demurrer to the indictment is sustained before jeopardy has attached. Such statutes have been quite generally sustained in jurisdictions which deny the right of second trial where a competent court has convicted or acquitted the accused."

The authorities are all in agreement that jeopardy does not attach until the jury is sworn. It follows, therefore, that a proceeding in error such as we have here is not a vain thing, and that if the state is right, and the indictment is sufficient, the judgment below may be reversed and a trial on the merits of the case may be had.

Is the indictment sufficient? The operative facts charged therein are that Guy Blair on June 26, 1927, at Pike county, "over and along a certain public highway, known as the Scioto Trail road or highway, said highway being located outside of any municipality in said county, then and there unlawfully did operate a motor vehicle, to wit, an automobile, at a greater speed than thirty-five miles an hour."

Under an older statute making it a misdemeanor to operate a motor vehicle at a speed exceeding the limits therein prescribed, the foregoing would have been a sufficient indictment. The section governing at the time charged, however, read as follows:

"Section 12603. Whoever operates a motor vehicle in and upon the public roads or highways at a speed greater than is reasonable and proper having regard for the width, traffic, use and the general and usual rules of such road or highway, shall be deemed guilty of a misdemeanor and upon convic-

tion thereof shall be fined as hereinafter provided. A rate of speed greater than fifteen miles an hour in the business or closely built-up portions of a municipal corporation or more than twenty-five miles an hour in other portions thereof, or more than thirty-five miles an hour outside of a municipal corporation, shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper.''

It is thus seen that the indictable offense consists in one operating a vehicle at an improper speed, taking into consideration the various factors enumerated in the section quoted. The indictment alleges no such facts. It alleges only that the accused was driving at a speed exceeding 35 miles an hour. Under the provisions of this section a speed of less than 35 miles at the place charged might be criminal, *Waite Taxi & Livery Co.* v. *McGrew,* 16 Ohio App., 219, and a speed greater than that may be within the law, *Wales* v. *Vanderhoof,* 15 Ohio App., 147. The two sentences of the section are intimately related, but the substantive law is found in the first sentence alone. As Judge Allen says in *Psaris* v. *Fredericks,* 113 Ohio St., 8, 13, 148 N. E., 360, 361:

''If the first sentence of the section were eliminated therefrom, the last sentence of the section by itself alone would have no force or effect.''

A like provision as to a *prima facie* case is found in Section 13674, General Code. That section provides that the failure of a public officer to pay over public money with which he stands charged shall be *prima facie* evidence of embezzlement. Now the gist of embezzlement is unlawful conversion and not a failure to pay over. The one is substantive;

the other a matter of evidence only. *Theiss* v. *State,* 10 Ohio App., 412; *Koppe* v. *State,* 21 Ohio App., 33, 153 N. E., 109. The Supreme Court, in *State* v. *Cameron,* 91 Ohio St., 50, 58, 109 N. E., 584, 586, referred to the fact that formerly the definition of embezzlement and the description of a *prima facie* case were both parts of the same section, but upon their different purposes and effects thus expressed itself:

"But this does not make that description of the evidence a part of the definition of the crime. The latter belongs to the domain of positive law, while the former is a part of the adjective law. The function which each of the two things performs in the legal system determines its essential character * * *. The authors of the law did not blend and confuse the crime with the evidence, and the remedy, although they combined the description of all three in a single section; one follows the other and each is complete in itself, thus: First, the crime; second, the penalty and the use to be made of the money penalty; and third, the *prima facie* evidence of the commission of the crime. Each is as distinct as if they had been enacted as separate sections, as they now appear in the more scientific arrangement of our Code."

The indictment in this case, therefore, did not plead the ultimate facts upon which guilt depended. It only set forth evidence which was consistent alike with guilt and innocence. The demurrer was properly sustained.

*Judgment affirmed.*

MIDDLETON, J., concurs.
SAYRE, P. J., not participating.