## KEITCH v ROSCHE

Ohio Appeals, 1st Dist, Hamilton Co
No 3647. Decided May 5, 1930

Alcorn & Alcorn, Cincinnati, for Keitch.
Clore, Schwab & McCaslin, Cincinnati, for Rosche.

**CUSHING, PJ.**

The assignments of error are based upon the special charge presented by plaintiff in error, and refused by the court:

---

1. "Your verdict must be for the plaintiff." ·

Plaintiff in error calls attention to an admission by the defendant in error, made some time after the accident, in which defendant in error stated he was going from 20 to 25 miles an hour at the time of the accident. There was, however, other evidence showing that the accident occurred upon a wide street—late at night—with little or no traffic, and the statement was qualified by the defendant in error when on the stand. Under such circumstances, an instructed verdict for plaintiff below was not justified. It was not error to refuse the charge.

The other charges refused are as follows:

2. "The defendant having admitted that he was driving at a greater speed than twenty miles an hour at the time of the accident, I charge you that such fact raises a presumption that defendant was guilty of negligence."

3. "If you find that the defendant was driving his auto at a greater speed than twenty miles an hour at the time in question, I charge you that there is a presumption that such speed was unreasonable and unlawful, and a presumption that defendant was negligent."

4. "If you find that defendant operated his auto at a higher rate of speed than twenty miles an hour, and further that such speed was the proximate cause of the accident your verdict should be for the plaintiff."

5. "If you find that defendant operated his auto at the time in question at a greater rate of speed than twenty miles an hour, and that such rate of speed was the proximate cause of the accident, and if you further find that the defendant has failed to rebut the presumption of negligence arising therefrom, by bringing forth such proof as will countervail such presumption of negligence, then your verdict must be for the plaintiff."

In none of these charges is a correct rule of law stated applicable to the facts in the case.

The statute in force on May 13, 1920, section 12,603, is as follows:

"Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life, or limb of any person, shall be fined not more than twenty-five dollars, and for a second offense shall be fined not less than twenty-five dollars, nor more than one hundred dollars."

"A rate of speed greater than fifteen miles an hour in the business and closely built up portions of a municipality or more than twenty miles an hour in other portions thereof, or more than thirty miles an hour outside of a municipality, shall be presumptive evidence of a rate of speed greater than is reasonable or proper." 108 Laws of Ohio (1919), Part 1, p. 471.

The most that could be charged under this statute is that a speed greater than twenty miles per hour in a municipality, other than in the business or closely built up portions thereof, furnishes presumptive evidence of negligence per se, the presumption, however, being rebuttable.

Any charge which fails to indicate clearly to the jury that the presumption arising from speed is rebuttable by all the evidence in this case is incomplete.

The statute herein involved is wholly dissimilar in character from that involved in the case of **Schell v. DuBois, 94 Ohio St., 93,** where the ordinance and statute involved enjoined specific duties upon the operator of a motor vehicle, the violation of which constituted criminal acts. As was pointed out by the Court of Appeals in the case of **Wales v. Vanderhoof, 15 Ohio App., 147,** the speed statute was amended to read as quoted above.

The definite rule as provided in the speed statute involved in Schell v. DuBois, supra, was modified in 108 Ohio Laws, and paraphrasing the 6th syllabus of **Heidle v. Baldwin, 118 Ohio St., 375.** It is error to instruct the jury in general terms that the law makes it presumptive negligence to drive at a speed greater than twenty miles an hour in municipalities outside the closely built up and business portions thereof "without stating the conditions and limitations upon" such presumption.

In the 5th charge, in addition to the foregoing criticism, the charge requires the defendant to rebut the presumption. The defendant is entitled to the benefit of all the evidence in the case, his own and the plaintiff's. The language used is not the same as if such presumption has not been rebutted.

The evidence of the plaintiff as to the width, traffic, use, and general and usual rules of the road may be sufficient in itself to rebut any presumption that a speed of twenty miles per hour was unreasonable.

Finding no error in the record, prejudicial to the plaintiff in error, the judgment of the Court of Common Pleas of Hamilton County is affirmed.

Ross and Hamilton, JJ, concur.