Common Pleas Court of Hamilton County.

## JUSTIS V. CITY OF CINCINNATI.

Decided November 22, 1930.

*Joseph H. Woeste,* and *George Weller, Jr.,* for plaintiff in error.

*H. J. Wernke,* for defendant in error.

DARBY, J.

The importance of the question involved in this case seems to justify a rather extended opinion.

The plaintiff in error (referred to as defendant in this opinion), was charged in the Municipal Court of Cincinnati with a violation of Section 74-54 of the ordinances of the city, the specific charge being that he did "unlawfully operate said motor vehicle, Ohio coupe, at a speed greater than was reasonable and proper, to-wit, forty-nine miles per hour, contrary, etc."

Waiving the sufficiency of the affidavit, the court passes to an examination of the evidence offered, and the proceedings in the court below. The city offered the evidence of an officer, who testified that the defendant at the time in question drove a motor vehicle on the Eighth Street viaduct in the city "at a speed in excess of thirty-five miles per hour, to-wit, at a speed of forty-nine miles per hour." No other evidence was offered on behalf of the city. Thereupon the defendant testified that he was driving his motor vehicle on the Eighth Street viaduct "at a speed less than forty-nine miles per hour, to-wit, about thirty-eight miles per hour, and in excess of thirty-five miles per hour; that the street and surface of the roadway was in excellent condition, and said surface was dry; that there was virtually no traffic moving along the said highway, and that his speed was not greater than reasonable or proper, having due regard for the traffic, surface and width of the roadway, and all other conditions then and there existing; that his motor vehicle was at all times under his control." No other witness was called for the defendant. The case was submitted to the court, and the bill of exceptions then recites—

"The court then and there ruled, notwithstanding this testimony of the defendant, being that this defendant was driving his car having due regard for the roadway, traffic and other conditions then existing, that any speed in excess of thirty-five miles per hour was unlawful in any part of the municipality."

The court thereupon adjudged the defendant guilty and assessed a fine of ten dollars and costs.

The claim of the defendant is that in the view of the law which the Municipal Court took in the case, a speed in excess of thirty-five miles an hour is unlawful, regardless of conditions, and without regard to whether said driving was at the time reasonable or proper.

The action of the court indicates that the conviction resulted from the proof of the plaintiff, and the admission of the defendant that he was at the time driving in excess of thirty-five miles per hour, and therefore that he did not and could not give consideration to any other

condition as expressed in the ordinance. The ordinance is practically, so far as applicable, a transcript of the General Code, Section 12603 as amended, 113 O. L., 283. Its provisions must be understood in order to determine correctly the question involved in this case. The ordinance (74-54) is as follows:

"It shall be unlawful for the owner or driver of any vehicle * * * to drive * * * the same * * * upon any street at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway, and of any other condition then existing * * *.

"It shall be *prima facie* lawful to drive or cause to be driven any vehicle * * * at a speed not exceeding the following: twenty (20) miles per hour in the business or closely built portion of the city.

"Thirty-five (35) miles per hour in all other portions of the city.

*"It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations * * *."*

A violation of this section cannot occur unless the automobile is operated *"at a speed greater or less than, is reasonable or proper, having regard, etc."* Therefore, the question before the court below was, has the city proven beyond reasonable doubt that the defendant operated his car "at a speed greater or less than is reasonable or proper, having regard, etc."?

The bill of exceptions of course is signed by the trial judge, and therefore the statements must be accepted as correct. The ruling of the court was "that any speed in excess of thirty-five miles per hour is unlawful in any part of the municipality." The court overlooked the provisions of the ordinance in reaching its conclusion.

It will be noticed that the ordinance first provides what speed shall be *prima facie* lawful, and thirty-five miles per hour is *prima facie* lawful in portions of the city not including those which are business or closely built up.

The ordinance then provides—

"It shall be *prima facie* unlawful for any person to exceed any of the foregoing limitations,"

therefore more than thirty-five miles per hour in the city, outside of the business or closely built up portion, is *prima facie* unlawful, but it is no more than *prima facie*. It does not establish a rule of law, but merely establishes a rule of evidence for the court or jury to consider. What is said to be *prima facie* lawful may be shown to be unlawful, because greater or less than is reasonable or proper, and the converse of this must be true, that what is *prima facie* unlawful may be shown to be reasonable or proper speed, which question must be decided by the court or jury.

If the council intended to make a speed of more than thirty-five miles an hour unlawful, it has not used appropriate language, and if it had done so the ordinance would probably be violative of the laws of the state of Ohio. Council intended to and did adopt the provisions of the General Code on the subject.

The courts are not responsible for the making of the law, and have but one duty, and that is to enforce the law as made by the legislative authority. Whatever the opinion of the courts may be as to the wisdom of the ordinance or act of the Legislature, is of no moment, but a proper interpretation and enforcement of the law is all the court has to do.

In the case of *State* v. *Schaeffer*, 96 Ohio St., 215, Section 12603, General Code, as it then existed was under consideration, and the court in that case held in the 8th syllabus:

"* * * if he (defendant) did not operate the car 'at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person' as would appear to such ordinarily careful and prudent person in the then situation, he was not guilty of manslaughter."

In other words, the court lays down in that case that to be guilty of violating that section, the defendant must have been driving his automobile at a speed greater than is reasonable and proper, having regard, etc., and no question of the miles per hour is involved, except as a matter of evidence.

In *State* v. *Blair,* 24 Ohio App., 415; the 6th syllabus is as follows:

"Under Section 12603, General Code, prohibiting operation of motor vehicle at improper speed and making thirty-five miles per hour outside municipal corporations *prima facie* evidence of improper speed, speed of less than thirty-five miles at such place might be criminal, and speed greater than that may be lawful."

In *Wales* v. *Vanderhoof,* 15 Ohio App., 147, Section 12603, General Code, came under consideration and the court there held that it was error to charge the jury—

"* * * that if they find the defendant at the time of the accident was driving his automobile outside of the business and closely built up portion of the city at a rate of speed in excess of twenty miles an hour, such speed was negligence *per se.*"

On page 151 the court say:

"The gist of the offense as provided in the statute is operating a motor vehicle 'at a speed greater than is reasonable or proper * * * or so as to endanger the property, life or limb of any person.' Speed is only one of the elements that may be considered in determining whether the motor vehicle is being operated in an unlawful manner. If such speed exceeds fifteen miles an hour in the business or closely built up portions of a municipality, or exceeds twenty miles an hour in other portions thereof, such rate of speed is presumptive evidence of a rate greater than is reasonable or proper; but like all presumptions it is rebuttable, and when, as in the present case, the defendant denied that he was, and offered evidence to prove that he was not operating his automobile at a greater rate of speed than was reasonable and proper, it became the duty of the court to charge the jury on the law applicable to the issue, which was that a rate of speed greater than twenty miles an hour was only presumptive evidence of a rate greater than was reasonable or proper, but that if there was sufficient evidence to rebut this presumption, it was then a question of fact under all the circumstances for the jury to determine what was a reasonable and proper rate of speed at the time and place of the accident."

In *Warren* v. *City of Cleveland,* 22 O. L. R., 483, this same question was presented to the Court of Appeals for

Cuyahoga county. In the second syllabus the court presents its view of the question as follows:

"While presumptive evidence authorizes, it does not require conviction, which must always be based on evidence that satisfies the mind beyond reasonable doubt of the guilt of the accused."

On page 487 in the opinion the court say:

"What is presumptive evidence within the meaning of both of these provisions (Ordinances of Cleveland and General Code)? It consists of evidence drawn by human experience from the connection of cause and effect, and observation of human conduct. 'Presumptive evidence authorizes but does not require conviction. *State* v. *Deluce*, 237 Ill., 541.' 'Although the term presumptive evidence of guilt as applied to a certain state of facts may perhaps sometimes indicate no more than that the facts referred to may be considered by the jury as evidence from which guilt may be inferred as a matter of fact and not as a matter of law, yet it is always unwise, in giving the jury instructions as to the evidence, to say that from any particular fact a presumption of guilt arises. The question of guilt is one to be determined by the jury on all the facts. *State* v. *Poe*, 123 Ia., 118.' It merely means that such evidence is competent and sufficient to justify a trial court or a jury in finding a defendant guilty, provided it does in fact satisfy the court or jury of his guilt beyond reasonable doubt and not otherwise."

In *Larong* v. *Cleveland*, 1 O. L. A., 299, the Cleveland Traffic Ordinance was under consideration by the Court of Appeals of Cuyahoga county, and the court calls attention to the fact that the ordinance makes certain speeds presumptive evidence of a rate greater than is reasonable and proper. In the opinion by Sullivan, J., appears the following:

"A careful reading of the opinion forces the opinion that the court below in reaching a judgment of guilty did not pay due regard to those elements in the evidence that related to width, traffic and other conditions existing on Superior street between 47th and 19th streets, in order to determine whether the accused was operating at a rate of speed greater than is reasonable and proper, having regard to width, use and general rules of such street. The said court used the following language in his opinion:

'Now thirty-four miles an hour is a dangerous rate of speed. I don't care how wide the street is. A busy street like Superior avenue in the morning, with so many intersecting streets and cross town railroads, you cannot control the car.' In this it seems that the court misconceived not only the rule of law applicable to the case, but ignored in so many words the express wording of the ordinance itself."

To repeat, the offense consists of operating a motor vehicle at a rate of speed greater than is reasonable or proper, having regard to road and traffic conditions, and whatever the speed, whether it be *prima facie* lawful or unlawful, the court or jury may determine from an examination of all the evidence that it was not reasonable or proper. Therefore, before the court can convict under this ordinance or under the state law, it must consider the evidence and reach the conclusion that the accused at the time operated his automobile at a rate of speed greater than was reasonable and proper, having regard to such conditions.

As stated by Judge Sullivan in the case last referred to, it seems that in this case the court did not and could not, with his view of the law, give consideration to any element of the case except that of speed.

The judgment of the Municipal Court is reversed and the cause remanded for further proceedings.