## STATE v McNARY

Ohio Appeals, 6th Dist, Lucas Co

No 2870. Decided Jan 8, 1934

Frazier Reams, Prosecuting Attorney, Toledo, Joel S. Rhinefort, Toledo, and Arnold F. Bunge, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The first inquiry is whether the State of Ohio may prosecute error in the Court of Appeals and, if warranted, obtain a reversal of the judgment in that court.

Prior to the adoption of §6, **Article IV of the Constitution of Ohio**, the Supreme Court had held that the right of the state to prosecute error in a criminal case existed only where such right was expressly conferred by statute.

**State v Simmons, 49 Oh St, 305;**

**Mick v State, 72 Oh St, 389.**

In these reported cases the court held that the statutes of Ohio did not confer the right upon the state to review a judgment of the Court of Common Pleas in a criminal case because the language of the statutes was general and did not confer expressly such jurisdiction.

September 5, 1912 the above amendment to the Constitution of Ohio was adopted and the jurisdiction of the Court of Appeals to review judgments of the Court of Common Pleas is conferred by §6, Article IV of the Constitution, which upon this subject reads as follows:

"The Courts of Appeal shall have * * * appellate jurisdiction * * * to review, affirm, modify or reverse the judgments of the Courts of Common Pleas * * * within the district as may be provided by law."

Since the adoption of this constitutional amendment, we no longer look to the statutes, but to this provision to determine the jurisdiction of the Courts of Appeals. Cincinnati Polyclinic v Balch, 92 Oh St, 415, 111 NE, 159.

Obviously the policy of construction adopted by the courts with reference to statutes in holding that general language did not confer jurisdiction for review of judgments in criminal cases in an error proceeding prosecuted by the state, would have no application to a constitutional provision, and with respect to the latter the language conferring jurisdiction would be given a broad construction to effect its purpose and would be taken in its ordinary and plain sense; and express reference to error proceedings by the state would not be necessary. Chandler v Southern Pacific Co., 104 Oh St, 188. As we understand it, this construction of this constitutional provision has been adopted by the courts of Ohio.

In the case of State v Cameron, 89 Oh St, 214, which was decided after this constitutional provision took effect, the court say:

"We are all agreed that the state might have prosecuted an appeal in this case for a reversal of the judgment below, there having been no jeopardy of the defendants."

In a recent case, State v Kassey, 126 Oh St, 177, in the opinion of the court at page 179, the following appears:

"The judgment of the Court of Common Pleas in ruling on a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment, can only be reviewed in an error proceeding filed in the Court of Appeals; and, later, on leave obtained, by this court. It has been recently declared in opinions published by this court that an error proceeding is a new action seeking the reversal of a judgment of the lower

courts. It requires no citation of authority, or even argument, to show that any proceeding seeking the reversal of a judgment is the exercise of appellate jurisdiction, and that no error proceeding can be filed in this court seeking the reversal of any judgment except a judgment of a Court of Appeals."

And we quote also from page 181 of that decision:

"It was stated in the opinion in the Cameron case that, in all cases where the defendant has not been placed in jeopardy, error might be prosecuted to the Court of Appeals from a judgment. No error could have been prosecuted, of course, from a judgment entered after the defendant was placed in jeopardy. * * *

We agree that error might have been prosecuted in this case, since it appears that Kassey had not yet been placed in jeopardy. The prosecutor did not follow that course, and he is not subject to criticism for having taken the other course."

In the case of State v Blair, 24 Oh Ap, 413, (6 Abs 58), it was held that the Court of Appeals had power to review the judgment of a Court of Common Pelas in a criminal case at the suit of the prosecutor. It appears from the report that an indictment was returned by the grand jury against the defendant, who filed a demurrer thereto. This demurrer was sustained and the defendant discharged. The prosecuting attorney prosecuted error to the Court of Appeals and that court held that it had jurisdiction to review the judgment and found that the demurrer was properly sustained. The judgment was therefore affirmed. Upon the difference between the practice under the statutory provisions which were in force before the constitutional amendment became effective and the provisions of the latter, Judge Mauck uses the following significant language:

"Sec 7356 Revised Statutes, under consideration in that case (State v Simmons, supra), provided that in any criminal case 'a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the Circuit Court.' The Supreme Court expressed the view that this language was to be read in connection with the immediately following sentence, which authorized the Supreme Court to review the Circuit Court in criminal cases only where such cases had resulted in the conviction of the accused, and concluded that the language quoted was designed to confer the

right of review only on a convicted defendant in a criminal case, and the court found further that other sections of the statutes in pari materia required such interpretation of that section."

The policy of the courts in interpreting statutes as not giving a right of review in criminal cases to the state, except upon express authority, is one which arose out of early practice, although this rule is not universal and in some states it has been held that such review may be allowed, notwithstanding the lack of an express permissive statute. See 17 C. J., p. 39, §3310, where the authorities are collected. In many of those states where the right to such review has been held not to exist, the legislature has since acted to confer it. The law is just as jealous today as ever to protect the rights of defendants and to sustain those guaranties which surround and protect the innocent at the bar of justice. On the other hand, with the recent increase in crime, the modern tendency is to afford the state all reasonable opportunity to prevent the escape of the guilty through technicalities. A right of review for the state has therefore been afforded by legislation in many states in cases where the defendant is discharged or acquitted under such circumstances that it may not be said that he has been in jeopardy. In Ohio the constitution, in our judgment, gives a like remedy.

The remaining inquiry is whether the defendant has been in jeopardy.

It is a general rule that an accused has been in jeopardy where the indictment charges an offense and the jury has been sworn. There are, however, many exceptions to that rule. The law has been stated in the second syllabus of Mitchell v State, 42 Oh St, 383, as follows:

"While a jury in a criminal case may, in certain circumstances, be discharged, and the accused lawfully subjected to another trial, this can only be done where he has consented to the discharge, or been guilty of such fraud in respect to the conduct of the trial as that he was in no real peril, or where there is urgent necessity for the discharge, such as the death or serious illness of the presiding judge or a juror, the serious illness of the prisoner, the ending of term before verdict, or the inability of the jury to agree, after spending such length of time in deliberation, as in the opinion of the judge, sustained by the facts disclosed in the record, renders it unreasonable and improbable that there can be an agreement."

In that case the trial judge discharged the defendant sua sponte during the trial after the jury was sworn, and over the objection of defendant. It was held that the defendant had been in jeopardy. This law, last quoted, has been cited with approval in State v McMillen, 69 Oh St, 253.

It appears that in addition to demurring to the introduction of evidence for insufficiency of the indictment, the defendant after such demurrer had been sustained, moved the court to instruct the jury to return a verdict of not guilty. This action the court refused to take, upon the ground that it would be improper for the reason that the indictment did not state an offense, and there was therefore no charge on which the accused could be acquitted, and instead of taking this course, the trial judge took the only other one that was left open with the views he held, and discharged the defendant from custody. Clearly, the discharge of the defendant was procured by action of the defendant through his counsel and such procurement involved a consent to such discharge. The trial did not go forward because the defendant, by his action, prevented it, and we are of the opinion that even though the indictment stated an offense, the defendant has not been in jeopardy. A good illustration of procurement of discharge amounting to consent is where, after conviction, the defendant is granted a new trial on his own application, either in the trial court or in a reviewing court. Procurement in such cases is consent; it should be likewise in the case at bar.

Our purpose in the present inquiry has not been to search the authorities in other states but rather to rely upon the decisions in our jurisdiction and make such application thereof and such interpretation of the law as would be in accordance with reason and judgment. We are aware of the modern tendency to search continually for a precedent based upon facts that are on all fours with the case under consideration. We have not sought a "blue bottle case" but have endeavored to arrive at an interpretation which will continue to give the procedural law life.

Our attention has been called to the case of State v Kondak, recently decided by the Court of Appeals of Summit County. Kondak was indicted by the grand jury of Summit County for murder in the first degree and was found guilty without recommendation of mercy. Under authority of

§13449-1, GC, the trial court modified the verdict by finding the defendant guilty of murder in the second degree and pronounced sentence accordingly. The State of Ohio objected and excepted and prosecuted error to the Court of Appeals. That court dismissed the petition in error upon the ground that the State did not have the "right to prosecute error from a judgment of acquittal, when such review would violate the settled policy of the State based upon the constitutional provision that a defendant should not be twice put in jeopardy for the same offense." We find ourselves not in accord with this decision. A reversal of the judgment would only have required a remander for re-sentence upon the verdict as returned, and would not have placed the defendant in jeopardy again.

We do not desire to have it understood, however, that we think the question presented in that case is exactly like the one in the case at bar. Moreover, it will be observed that that court did not hold that the right of the State to prosecute error in criminal cases did not exist under the constitutional provision in those cases in which the defendant would not be twice put in jeopardy for the same offense.

There still remains the question whether or not the indictment stated a cause of action, and that, this court has neither considered nor investigated. The decision upon that is reserved, and the cause will be set down for argument upon that phase of inquiry.

Motion to dismiss petition in error is overruled.

RICHARDS, and LLOYD, JJ, concur.