CITY OF CINCINNATI, APPELLEE, *v.* CRAMER, APPELLANT.

(Decided March 11, 1940.)

*Mr. John D. Ellis,* city solicitor, and *Mr. Charles B. Ginocchio,* for appellee.
*Mr. Calvin S. Cramer,* for appellant.

MATTHEWS, J. While the notice of appeal states that the appeal is on questions of law and fact, it must be reduced to one at law only.

The defendant was charged with, and found guilty of violating Section 74-57 of the Code of Ordinances of the city of Cincinnati by the Municipal Court of Cincinnati. This judgment was affirmed by the Court of Common Pleas, and the case is here on appeal from that judgment.

Section 74-57 of the Code of Ordinances of Cincinnati is identical in words with Section 12603, General Code. It makes it unlawful to operate a motor vehicle

or a streetcar at a speed greater or less than is reasonable or proper under the circumstances, or at a speed greater than will permit the operator to bring the vehicle to a stop within the assured clear distance ahead. The ordinance, in effect, makes a speed in excess of 35 miles per hour *prima facie* unlawful at any place in a municipality and certain other speeds *prima facie* unlawful in certain parts. The ordinance then contains this provision: "It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations."

The affidavit upon which the warrant was issued charged the defendant with operating an automobile at "a speed greater than reasonable and proper, to wit, 50 miles per hour."

The only evidence of violation of the ordinance related to speed. The evidence was sufficient to justify the trier of the facts in concluding, as it did, that the city had sustained the burden of proving that fact beyond a reasonable doubt. The defendant admitted that he was exceeding forty miles per hour. But, it is objected that this only makes a *prima facie* case of an unreasonable speed, and that to justify a conviction other aggravating circumstances must be proven. This impressed us at the hearing, but on further investigation, we have reached the conclusion that proof beyond a reasonable doubt of a speed greater than that which is lawful may be sufficient.

It will be observed that the ordinance and statute do not provide now, as they once did, that a speed greater than thirty-five miles per hour, should be *prima facie* evidence of an unreasonable speed. *State* v. *Blair*, 24 Ohio App., 413, 157 N. E., 801, and other cases construing these older provisions are inapplicable. The provision now is, that exceeding the speed limit shall be *prima facie* unlawful. Now to reach the conclusion that an act is unlawful it is necessary to conclude that all the elements of the offense have been proven by the

degree of proof required by law, whether that degree is beyond a reasonable doubt or by a bare preponderance. And a *prima facie* conclusion that all of those conditions have been met is sufficient support for a conviction. The burden of proof is cast upon the defendant upon proof by the city of a speed greater than thirty-five miles per hour.

In 12 American Jurisprudence, 323, it is said: "The burden of proof in criminal prosecutions may be cast on a defendant after the state has proved enough to make it just for the defendant to have the burden of excuse or explanation, at least where, on a balancing of convenience or of the opportunities for knowledge, the shifting of the burden will aid the accuser without subjecting the accused to hardship or oppression."

The trial court would have been justified in concluding that a speed of fifty miles per hour, which is almost one and one-half times the speed that the ordinance makes *prima facie* unlawful, was a speed greater than was reasonable and proper under the circumstances. If a speed of thirty-five miles per hour is *prima facie* unlawful under all circumstances, this court would not be justified in holding that the trial court's conclusion that fifty miles per hour is an unreasonable speed beyond any reasonable doubt was erroneous. We cannot say the proof that conditions were such as to reduce the danger from that speed raises a reasonable doubt that such speed was not greater than that which was reasonable and proper.

An objection was made to the sufficiency of the citation, but as that is not in the bill of exceptions, it is not before the court in such form as to raise the question.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*

Ross, J., concurs.

Hamilton, P. J., concurs in judgment.