THE STATE OF OHIO *v.* KONDAK.

(Decided December 13, 1933.)

*Mr. Ray B. Watters,* prosecuting attorney, and *Mr. Stephen J. Wozniak,* for plaintiff in error.

*Mr. Michael A. Fanelly* and *Mr. Leo A. Freeman,* for defendant in error.

STEVENS, J.    Clarence Kondak was indicted by the grand jury of Summit county, Ohio, for murder in the first degree for the killing of Peggy Clements.

Upon trial had, a jury, duly impaneled and sworn, found the defendant guilty of murder in the first degree, without a recommendation of mercy.

Counsel for defendant, within the statutory time, filed a motion for a new trial, alleging, among other errors, that the verdict of the jury was against the weight of the evidence and that the court erred in overruling the motion of defendant to withdraw from the consideration of the jury, at the close of the state's case, and also at the close of the entire case, the question of murder in the first degree.

Section 13449-1, General Code, provides in part as follows:

"A new trial, after a verdict of conviction, may be

granted on the application of the defendant for any of the following causes affecting materially his substantial rights: * * *

"4. That the verdict is not sustained by sufficient evidence, or is contrary to law; but if the evidence shows the defendant to be not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, and this power shall extend to any court to which the cause may be taken by proceedings in error."

The trial court, acting under authority of the foregoing section, modified the verdict of the jury by finding the defendant guilty of murder in the second degree; the entry of the court in connection therewith providing as follows: "A motion for new trial was duly filed according to law on February 17, 1933, and the same argued to the court on the 21st day of February, 1933, by Michael A. Fanelly and Leo Freeman, attorneys for the defendant, and Ray Watters, prosecuting attorney of Summit county, Ohio, on behalf of the state, and the court after due consideration finds that the evidence shows the defendant to be not guilty of murder in the first degree for which he was convicted by the jury, but guilty of a lesser and included degree thereof, to wit, murder in the second degree, and the verdict of the jury is hereby modified accordingly without granting or ordering a new trial by reason that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; and the court hereby finds the defendant guilty of murder in the second degree."

To that judgment the state of Ohio objected and excepted. The state then filed a motion to set aside the court's modification of the verdict of the jury, and to restore the verdict, upon several grounds therein set

forth. That motion was by the court ordered stricken from the files, for the reason that the state was without authority to file such a motion, because the state could not review the action of the common pleas court in modifying said verdict; the action of the court being in effect the same as if the court during the trial had granted the defendant's motion to withdraw from the jury the charge of murder in the first degree. Error is prosecuted to this court for the purpose of setting aside the order of the court modifying the verdict of the jury.

The judicial article of our present Constitution, Article IV, provides in Section 6 that the Court of Appeals shall have jurisdiction "to review, affirm, modify, or reverse the *judgments* of the courts of common pleas," etc.

Reading that section of said article of the Constitution alone would indicate an intention to make all *judgments,* whether criminal or civil, reviewable by the Court of Appeals, and certainly the order of the trial court in this case, duly entered upon its journal, is a judgment.

However, from the time of the adoption of the Constitution in 1802, up to and including the amendments of 1912, there has, without exception, been incorporated into those several Constitutions a provision which, under the present Constitution, appears as a part of Article I, Section 10, as follows: "No person shall be twice put in jeopardy for the same offense."

Construction of the constitutional grant of jurisdiction to the Court of Appeals requires that Article IV, Section 6, be construed in such manner as will promote the object of the people in adopting it, and so as to be consistent with, rather than repugnant to, other constitutional provisions.

"1. Such interpretation must be given a provision of the constitution as will promote the object of the people in adopting it, and narrow and technical

definitions of particular words should be avoided.''
*Chandler & Taylor Co.* v. *Southern Pacific Co.*, 104
Ohio St., 188, 135 N. E., 620.

The Ohio Constitution of 1912, conferring jurisdic-
tion upon the Court of Appeals to review ''judg-
ments,'' must be construed in the light of the settled
public policy of the state, as announced in connection
with the provisions of Article I, Section 10, of the Ohio
Constitution.

That constitutional provision, and the public policy
determined in connection therewith, preclude the
prosecution of error proceedings by the state where
the defendant in a criminal case has been acquitted,
except as provided for in Section 13446-1, *et seq.*, Gen-
eral Code, where error proceedings may be prosecuted
directly to the Supreme Court, not for the purpose of
changing the adjudicated rights of the defendant, but
to establish the law for cases which may thereafter
be tried; and also as further provided in Section
13459-14, General Code, where the defendant himself
has secured a reversal of his conviction in a review-
ing court.

The public policy of the state indicated by the vari-
ous pronouncements of the Supreme Court is em-
phasized by legislative enactments over a long period
of years, both before and since, especially since, the
adoption of Section 6, Article IV, of the Constitution.

It is significant that in the new Criminal Code, re-
cently enacted, the legislature has failed to provide
procedure for review by the state except under Sec-
tion 13446-1, *et seq.*, General Code.

In the instant case the defendant, having been tried
upon an indictment for first degree murder, was, at
the time the jury was impaneled and sworn, in legal
jeopardy. *Poage* v. *State,* 3 Ohio St., 229; *Mitchell* v.
*State,* 42 Ohio St., 383.

''It is a general rule that a person is in legal

jeopardy when he is put on trial, after a proper arraignment and plea, before a court of competent jurisdiction, on an indictment or information which is sufficient in form and substance to sustain a conviction, and a legally constituted jury has been charged with his deliverance." 12 Ohio Jurisprudence, "Criminal Law," Section 158, page 196; and, to the same effect, see 8 Ruling Case Law, "Criminal Law," Section 120, page 138.

The judgment of the court having found the defendant guilty of murder in the second degree was tantamount to an acquittal upon the charge of murder in the first degree.

"Since a verdict of guilty of any degree of homicide is equivalent to an express acquittal of all higher degrees of that offense, as a general rule a verdict convicting defendant of a lower degree of murder or manslaughter need not expressly acquit him of the higher degrees." 30 Corpus Juris, "Homicide," Section 676, page 428. See, also, *Morehead* v. *State,* 34 Ohio St., 212 (syllabus 4).

It is conceded that had the court granted the motion made at the close of the evidence to arrest the charge of murder in the first degree from the jury, that would have been an acquittal by the court on that charge after the defendant had been placed in jeopardy on that charge; and it seems to us that the ruling of the court in the case at bar, made before judgment on the verdict, is in effect an acquittal by the court on the charge of murder in the first degree.

The defendant having been in jeopardy on a charge of murder in the first degree, and having been acquitted thereof, the constitutional provision against second jeopardy would necessarily bar any attempt to bring the defendant to trial again upon a charge of first degree murder. *State* v. *Budd,* 65 Ohio St., 1, 60 N. E., 988; *State* v. *Cameron,* 89 Ohio St., 214, 106 N. E., 28;

*State* v. *Blair,* 24 Ohio App., 413, 157 N. E., 801; Ohio Constitution, Article I, Section 10.

We are of the opinion that it was not the intention of the people by the adoption of Section 6 of Article IV of the Constitution, at which time Article I, Section 10, was also readopted, to give to the state the right to prosecute error from a judgment of acquittal, when such review would violate the settled public policy of the state based upon the constitutional provision that a defendant shall not be twice put in jeopardy for the same offense.

The petition in error of plaintiff in error will be dismissed.

*Petition in error dismissed.*

WASHBURN, P. J., and FUNK, J., concur.