**STATE, Plaintiff-Appellant, v. DEAN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5983.  Decided August 5, 1958.

Samuel L. Devine, Pros. Atty., Earl W. Allison, Jr., Albert G. Giles, George R. Wolfe, Asst. Pros. Attys., Columbus, for plaintiff-appellant.

Robert G. Jack, Columbus, for defendant-appellee and amicus curiae.

(HORNBECK, PJ, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Presiding Judge of the Court of Common Pleas sustaining defendant-appellee's motions for new trial. We hereinafter refer to defendant-appellee, Homer Jack Dean, as Dean. The motions for new trial were originally filed after Dean's conviction by the verdict of a jury of murder in the first degree. His sentence and judgment had theretofore been reviewed on appeal and affirmed.

The error assigned is that the court abused its discretion in sustaining the motions and granting a new trial to Dean.

The brief in favor of sustaining the action of the court in granting the motions for new trial is filed by Robert G. Jack, as amicus curiae, who, at the time of the oral presentation of his motion to dismiss the appeal and upon its merits, indicated his intention to withdraw as counsel for Dean. From his statement in open court, it is evident that he has rendered extensive and continuous legal services for many months, much of which has been without financial remuneration. We are appreciative of his willingness to brief the errors assigned by appellant. In doing so, he advances two propositions:

1. The court does not have jurisdiction to consider the attempted appeal.

2. The record does not show an abuse of discretion.

We have heretofore decided the first proposition adversely to appellee's contention.

Fortunately, for this court, the Supreme Court of Ohio, in both the majority and dissenting opinions in the prohibition action, State, ex rel. Devine, Prosecuting Attorney, v. Harter, Judge, 167 Oh St 51, has expressed itself on the law controlling the errors assigned. How much of these opinions relate to the immediate question adjudicated in the prohibition case is not for us to say because we are quite willing to accept as controlling the conclusions of the upper court on all matters at issue here in which the majority participated.

The majority opinion, which is a Per Curiam by four members of the court and therefore the expression of all who participated, says:

"In any event, it is difficult to see how it [the Common Pleas Court] can again pass on the motion for new trial which had previously been overruled and which overruling had been reviewed and affirmed by the Court of Appeals.

"However, if there is an error in again passing on the motion for a new trial, it will be only an error. * * * If it [the Common Pleas Court] commits error in again passing on the motion for new trial, such error might constitute a technical abuse of discretion which could be made the subject of an appeal by the relator to the Court of Appeals from the judgment of the Common Pleas Court sustaining a motion for a new trial. Heidtman v. City of Shaker Heights, 163 Oh St 109, 121, 126 N. E. (2d) 138. See, also, concurring opinion by Taft, J., in Lehman v. Haynam, 164 Oh St 595, 602, 133 N. E. (2d) 97."

Chief Justice Weygandt, in the dissent, after reciting the proceedings

in the Dean case, including the review and affirmance by the Court of Appeals of the judgment of conviction, said:

"Subsequently the judge who is the respondent in the instant prohibition case announced that he would proceed to grant the motion for a new trial which had been overruled six years before. He further stated that he would proceed to try the defendant a second time although the defendant had been convicted in his first trial, and that conviction had been affirmed six years previously and still is in full force and effect, and although the journal entry of the Court of Appeals in the habeas corpus action makes no mention of a remand to the Court of Common Pleas or any mention of further consideration of the motion for a new trial."

Upon the foregoing opinions, we hold that the error assigned is well made. The abuse of discretion here involved is that which Judge Stewart, in the opinion of Heidtman v. Shaker Heights, supra, defined as "a technical abuse of discretion * * * an abuse of discretion in no way reprehensible or involving wrong motives."

We might well say that if the judge who granted the motions for a new trial had authority to pass upon them, he advances cogent reasons to support his conclusion that errors, not mentioned or considered on the former appeal, prejudicial to Dean intervened in his trial.

What we have heretofore said is an adjudication of the one and only question immediately before us on the merits of this appeal. However, in view of the comment that the Dean habeas corpus case and subsequent proceedings in this and other cases have provoked and particularly because of the status of Dean and the proper steps to be taken to implement the habeas corpus order, we would be remiss if we did not discuss them.

Some basic facts need to be stated at the outset. The habeas corpus writ is unreversed and unmodified and is the law of that case. At no time has it been challenged by any appropriate legal procedure. Whether the order was correct or made with or without a full appreciation of the facts is immaterial at this time. The facts are fixed. The writ operates on them as they are.

The operative language of the writ of habeas corpus is:

"* * * the court being fully advised * * * finds that the entry of commitment for petitioner, Homer Jack Dean is void * * * and that he is therefore being illegally detained by respondent, [the Warden of the Ohio Penitentiary] * * *.

"It is therefore ORDERED * * * that a writ of habeas corpus * * * be * * * granted forthwith and that petitioner be and hereby is re-manded to the custody of the Franklin County Sheriff for further pro-ceedings according to law." (Emphasis ours.)

Manifestly, the word "authorized" is, by implication, written into the order making it to read "remanded * * * for further authorized proceedings according to law." To date, no such proceedings have been instituted.

The Sheriff of Franklin County and his legal counsel, the Prosecuting Attorney, are within the jurisdiction of the Common Pleas Court of that county, where Dean was tried and convicted.

The Court of Appeals of the Second District heard, tried, and decided many more habeas corpus cases than any other Court of Appeals in the State of Ohio. Notwithstanding the averment of the Dean petition, manifestly, that court knew that the mittimus directed to the Warden of the Ohio Penitentiary, which was the authority under which Dean was held by that officer, did not have to be signed by the judge who tried and sentenced Dean and that, by law, it should be made up and certified by the Clerk of Courts. (Sec. 2949.12 R. C.) But, the certification of the clerk is made to the sentence and judgment entry and not to the bench docket minute made by the trial judge. In the certification in the mittimus, it is proper for the clerk to carry, without his signature, the name and title of the judge who, it is certified, signed the entry. But the clerk made affidavit that the judgment and sentence entry was not signed by the trial judge, so that the journal entry was first prepared by the clerk and then the mittimus, neither of which was signed by the trial judge. It is thus obvious that the basis for the writ of habeas corpus was the invalidity of the judgment entry because it was not signed and authenticated by the trial judge. If the entry was invalid, then the commitment was without effect.

That a court speaks through its journal is one of the oldest precepts of the law. In the recent case of **Hower Corp. v. Vance, et al., 144 Oh St 443**, Judge Bell cites sixteen recent Ohio cases in support of the proposition "that a court of record speaks **only** through its journal." (Emphasis ours.) Admittedly, all of these cases grew out of civil actions.

**Sec. 2725.01 R. C.**, provides:

"Whoever is unlawfully restrained of his liberty, * * * may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint or deprivation."

Evidently, it was reasoned that, if the commitment of Dean to the penitentiary was unauthorized, because not based on valid sentencing and judgment entry of the trial court, the Warden was holding him illegally.

No purpose can be found in the habeas corpus order to release Dean, except from the custody of the Warden, unless and until further proceedings justified such release. Dean had been convicted of murder by a jury which authorized the Sheriff of Franklin County to hold him for further proceedings according to law. That was also Dean's status when he was returned to the custody of the Sheriff of Franklin County.

The Court of Appeals of the Second District may have been of the opinion that §2725.05 R. C., cited by appellant, had no application in the habeas corpus proceeding. This statute reads:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *"

It will be noted that "jurisdiction to issue the process" is connected to the other essentials of the section by the correlative "and." Juris-

diction to issue the process is not the full test under this statute to determine when the writ shall not issue.

In this case, there is a verdict of record, motion for new trial interposed and overruled, and there is a notation on the bench docket of the trial judge making a minute of the sentence imposed upon Dean. This fact, in probability, was developed subsequent to the habeas corpus hearing. Notwithstanding, the habeas corpus writ was issued in the face of the fact that there was such an entry on the bench docket. This knowledge was available to the Prosecuting Attorney and to the members of the Court of Common Pleas. By the language of the writ of habeas corpus, the entry of sentence and judgment was ineffective to support the commitment because it was not signed by the trial court. This order was effective and easily followed.

Pursuant, then, to the habeas corpus order that the Sheriff hold Dean "for further proceedings according to law," the Prosecuting Attorney, as the legal representative of the State of Ohio and advisor of the Sheriff, could, on his behalf, then and now, make application to the Common Pleas Court for the preparation of a new entry of sentence and judgment. This could and can be accomplished by the preparation nunc pro tunc of an entry of sentence and judgment in conformity to the minute on the bench docket, which entry should be signed by a judge of the Common Pleas Court. A new mittimus could then issue wherein the Clerk of Courts could make the certificate attesting the fact that it was a true copy of the sentence and judgment. It may be that the preparation of a new commitment only, as suggested by Chief Justice Weygandt in the dissent in the prohibition case, will be sufficient, but it would not conform to the order in the habeas corpus writ. The Prosecuting Attorney, in this court, suggests the procedure substantially as we have outlined it. In part he urged this procedure at the time of the hearing of the motion for new trial.

It may be that the Dean habeas corpus writ was issued improperly. Judge Miller and the Second District Court of Appeals, in a case similar in its facts, No. 5630, Franklin County, Herbert Reiter v. Alvis, Warden (unreported), did not follow it. Judge Leach of the Common Pleas Court of Franklin County, in Foglio v. Alvis, Warden, 75 Abs 228, refused to follow it, and the Chief Justice of the Supreme Court, in the dissent in the prohibition case, criticized it, none of which affects the binding effect of the habeas corpus order. Notwithstanding the foregoing, there is considerable support, in reason, for the Dean habeas corpus writ.

The criminal code is silent as to the necessity that a trial judge, after verdict, sign an entry to make a judgment thereon effective. In civil procedure, now and for several years, in like situations, the signature of the trial court is requisite to a judgment entry. (Sec. 2321.19 R. C.) Except for the fact that there is no specific statutory requirement in the criminal code that a judgment and sentencing entry, after verdict, be signed by the trial court, no good reason appears for such holding. A sentence and judgment involving imprisonment and even the death penalty would seem to rise to equal dignity with a judgment for money only.

There is a dearth of decision upon the question here under consideration. In Pittsburgh, C. C. & St. L. Ry. Co. v. Johnson, 49 Ind. App., 93 N. E. 683, 686:

"The court or bench docket is not a record of the court in which its official entries are kept, but is merely a docket for the convenience of the court, and the notes of the judge are not the record entries to be incorporated in a transcript for the appeal of the case, and in determining what the record discloses the entries on such docket may not be considered."

Whether or not the law specifically enjoins upon a trial judge the necessity of signing an entry of sentence and judgment after a defendant has been convicted by the verdict of a jury or by his own plea, we are not required in this proceeding to say. Such practice is scrupulously followed in many of the trial courts of the State. It is held in State of Washington, ex rel. Echtle v. Card, Judge, Washington Supreme Court, 148 Wash. 270, 268 Pac. 869, 59 A. L. R. 519, second paragraph of the syllabus:

"Whether an accused is found guilty or pleads guilty, judgment should be in writing signed by the judge; under statutes providing that when defendant is found guilty the court shall render judgment, and that after verdict of guilty the court must pronounce judgment."

We are not unmindful that certain opinion is extant that Dean is innocent of the charge of which he stands convicted. This issue, of course, transcends all others but cannot be reached in this proceeding.

Under our law there is no procedure by which he may now be granted a new trial. Sec. 2945.80 R. C., authorizing a motion for new trial beyond the customary three days after verdict, on the ground of newly discovered evidence, grants an extender only to within one hundred twenty days from the return of the verdict. This time has elapsed for Dean. The terms of this limitation on the right to file a motion for new trial may, in some instances, work an injustice, but over all, it is probably sound legislation.

Dean's recourse at this time, if he has substantial evidence of his innocence, is by application for pardon to the Governor, which procedure could afford him opportunity to be heard and to present his evidence.

PETREE, PJ, MILLER, J, concur.