CITY OF TOLEDO, APPELLANT, *v.* CREWS, APPELLEE.*

(No. 5475—Decided January 22, 1962.)

*Mr. Louis R. Young*, director of law, and *Mr. Lewis W. Combest*, for appellant.

*Mr. Max Britz*, for appellee.

FESS, J.   The city of Toledo seeks to invoke the jurisdiction of this court to review a judgment of the Municipal Court of Toledo sustaining a demurrer to an affidavit charging the defendant with driving under the influence of intoxicating liquor, on the ground that the ordinance, pursuant to which the charge is brought, is in conflict with a state statute and unconstitutional, dismissing the affidavit, and discharging the defendant.

The judgment was entered June 20, 1961, and the city filed its notice of appeal therefrom on July 11, 1961—twenty-one days after the entry of the judgment.   Upon the assumption that the notice of appeal was not timely filed as a matter of right, on

*Judgment affirmed, 174 Ohio St., 253, without determining whether the state, as distinguished from a municipality, has the right to appeal from a judgment of acquittal involving a violation of a municipal ordinance.

248

July 11, 1961, the city also moved this court for leave to appeal on questions of law from that judgment, to which the defendant objects.

Section 1901.30, Revised Code, provides in part as follows:

"Appeals from the Municipal Court may be taken as follows:

"(A) Such appeals may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, inclusive [civil cases], and 2953.02 to 2953.14, inclusive [criminal cases], of the Revised Code."

Section 2953.05, Revised Code, as amended (128 Ohio Laws, 141, 143), effective January 1, 1960, provides:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the Supreme Court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the Court of Appeals in all cases as provided by law."

Section 2931.01, Revised Code, as amended (127 Ohio Laws, 1039, 1096), effective January 1, 1958, provides, in part:

"As used in Chapters 2931. to 2953., inclusive, of the Revised Code:

"(A) 'Magistrate' includes County Court judges, police judges or justices, mayors of municipal corporation[s], and judges of other courts inferior to the Court of Common Pleas."

Therefore, since a Municipal Court is inferior to the Court of Common Pleas, appeals in criminal cases must be taken from a Municipal Court within ten days, and not within thirty days as was formerly provided in Section 2953.05, Revised Code, prior to its amendment.

Having failed to file notice of appeal within ten days, is this court clothed with jurisdiction to entertain and grant the

application of the municipality, filed within thirty days after the judgment, for leave to file an appeal?

In *City of Toledo* v. *Kohlhofer* (1954), 96 Ohio App., 355, the writer of this opinion, without engaging in any research other than looking at the provisions of Section 1901.30, decided that the Court of Appeals has jurisdiction to review a judgment of a Municipal Court in a criminal case adverse to the municipality upon an appeal taken therefrom by such municipality. Since the rendition of that decision, we have had occasion to engage in more or less extensive research of the jurisdiction of the Courts of Appeals in general and particularly with regard to their jurisdiction to entertain appeals taken by the state or a municipality from adverse judgments in criminal cases.[1]

## A.

### PRE-1912 JURISDICTION.

Section 2 of Article III of the Constitution of 1802 provided:

"The Supreme Court shall consist of three judges, any two of whom shall be a quorum. They shall have original and appellate jurisdiction, both in common law and chancery, in such cases as shall be directed by law; * * *."

Section 2 of Article IV of the Constitution of 1851 provided, in part:

"* * * It [the Supreme Court] shall have original jurisdiction in quo warranto, mandamus, habeas corpus, and procedendo, and such appellate jurisdiction as may be provided by law. * * *"

Section 5 of Article IV of the Constitution of 1851 provided for District Courts composed of Common Pleas judges, and Section 6 provided:

"The District Court shall have like original jurisdiction with the Supreme Court, and such appellate jurisdiction as may be provided by law."

The first sentence of Section 6, as amended October 9, 1883, provided:

"The Circuit Court shall have like original jurisdiction

---

[1] Footnote on Page 260.

with the Supreme Court, and such appellate jurisdiction as may be provided by law.''

Prior to 1912, the jurisdiction of the Circuit Courts was not derived from the Constitution but was provided by statute, and the Revised Statutes provided in general terms for appeals without expressly conferring upon the state the right to appeal from judgments in criminal cases even from judgments of intermediate appellate courts.

The weight of authority in this country is against the right of the government to bring error in a criminal case unless specifically permitted by law, and this rule was recognized in Ohio prior to 1912. In *State* v. *Josephs* (1885), 43 Ohio St., 457, Section 7356, Revised Statutes, provided that in any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, a judgment of a court or officer inferior to the Court of Common Pleas might be reviewed in the Court of Common Pleas; a judgment of any court inferior to the District Court might be reviewed in the District Court; and the judgment of any court inferior to the Supreme Court might be reviewed in the Supreme Court. The court, *per curiam*, held that such section did not authorize the Supreme Court to review a judgment of the Circuit Court reversing a judgment of conviction rendered in the Common Pleas Court in a crimnal case.

In *State* v. *Simmons* (1892), 49 Ohio St., 305, the court held that where a demurrer to an indictment was sustained, and the defendant discharged by the Common Pleas Court, the Circuit Court, under Section 7356, Revised Statutes, had no jurisdiction, on a petition in error filed in behalf of the state, to review the action of the trial court in sustaining the demurrer. At the time of that decision the statute stated: ''* * * a judgment or final order of the Circuit Court or the Common Pleas Court in cases of *conviction* of a felony or a misdemeanor.'' (Italics supplied.) The court referred to this clause as indicating the right of the accused to appeal from a conviction, but that no right of appeal by the state was accorded. The court also mentioned Section 7305, Revised Statutes, giving the prosecuting attorney the right to present a bill of exceptions for an academic determination by the Supreme Court, as an indication that no right of appeal, as such, was accorded the prosecution.

In *State* v. *Hance* (1904), 4 C. C. (N. S.), 541, 16 C. D., 273, the Circuit Court held that the Circuit Court had no jurisdiction to hear a petition in error filed by the state in a criminal

case to reverse the judgment of a Common Pleas Court discharging the accused, upon authority of the *Simmons case* and *State* v. *Bour*, 10 C. C., 58, 4 C. D., 4.

## B.

### JURISDICTION OF THE COURTS OF APPEALS BETWEEN 1912 AND 1945

By the 1912 amendment of Section 6 of Article IV of the Constitution, the right of the General Assembly to determine the jurisdiction of the Circuit Courts was eliminated and in lieu thereof the jurisdiction was fixed (except with respect to administrative officers) and was derived directly from the Constitution itself.

With regard to the jurisdiction of the Supreme Court, Section 2 of Article IV provided:

" * * * It [the Supreme Court] shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in all cases involving questions arising under the Constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the Courts of Appeals, and such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law. * * *"[2]

With regard to the jurisdiction of the Courts of Appeals, Section 6 of Article IV provided:

" * * * The Courts of Appeals shall have original jurisdiction in [same as Supreme Court] * * * and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse judgments of the Courts of Common Pleas, superior courts and other courts of record within the district as may be provided by law, * * *."[3]

Under the old Constitution, the jurisdiction of the appellate courts rested in the discretion of the General Assembly, but under the 1912 amendment this was changed by removing the power generally from the Legislature to the Constitution itself. *Mahoning Valley Ry. Co.* v. *Santoro, Admr.*, 93 Ohio St.,

[2]Footnote on Page 260.
[3]Footnote on Page 260.

53. And the Legislature had no power to enlarge or limit the jurisdiction as fixed by the 1912 amendments, but it might provide by law the method of exercising it. 2 Ohio Jurisprudence (2d), 560, Section 6.

Between 1912 and 1945, it was consistently and repeatedly held that the Court of Appeals acquired its jurisdiction directly and solely from Section 6 of Article IV and that there was no legislative authority to enlarge that jurisdiction. See *Hoffman* v. *Knollman* (1939), 135 Ohio St., 170, citing eighteen cases running from *Thompson* v. *Redington* (1915), 92 Ohio St., 101, to *Eastman* v. *State* (1936), 131 Ohio St., 1. It was also held that the General Assembly had no power to enlarge or limit the jurisdiction thus conferred upon the Courts of Appeals, but might provide by law the method of exercising it.

Consistent with its firm and repeated conviction that the Courts of Appeals derived their jurisdiction solely from the Constitution, in *Eastman* v. *State, supra* (131 Ohio St., 1), the court held that under the provisions of Section 6 of Article IV the Court of Appeals has appellate jurisdiction to review, affirm, modify or reverse the judgment of the Court of Common Pleas in a criminal case, and that this power cannot be delimited by statute (approving and following *Cincinnati Polyclinic* v. *Balch*, 92 Ohio St., 415). It also held that the jurisdictional provisions are equally applicable to civil and criminal cases except when the latter involve the element of former jeopardy. In the *Eastman case* the trial court treated Eastman's plea in abatement as a plea in bar, and overruled the state's demurrer, thereby sustaining the defendant's claim of *res judicata*, and discharged the defendant. To the state's petition in error the defendant filed a motion in the Court of Appeals to dismiss the petition on the ground that the state had no right or authority to prosecute the proceeding. The motion to dismiss was overruled, but the case was certified as in conflict with the decision in *State* v. *Kondak*, 46 Ohio App., 422. After quoting from Section 6 of Article IV, Weygandt, C. J., said: "This language contains no intimation of a distinction between civil and criminal cases, and is so simple, unambiguous and comprehensive as to require no construction."[4]

---

[4]Footnote on Page 260.

## C.

### PRESENT JURISDICTION OF COURTS OF APPEALS
### UNDER THE 1945 AMENDMENT

The amendment effective in 1945 made no change in the jurisdiction of the Supreme Court, but a most significant change was made in Section 6 of Article IV.

As amended, effective in 1945, and again in 1959,[5] the provision now reads:

"The Courts of Appeals shall have original jurisdiction in [specified original actions] * * * and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district, * * *."[6]

Since the adoption of the amendment of Section 6 of Article IV effective in 1945, the Supreme Court has had occasion to comment upon the amendment on but few occasions.[7]

In *Youngstown Municipal Ry. Co.* v. *City of Youngstown* (1946), 147 Ohio St., 221, the court holds that the amendment, effective in 1945, does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals, and, unless and until there is such legislative action, the appellate jurisdiction remains as it was at the time the amendment was adopted.[8]

Since 1945, the General Assembly has enacted a number of amendments relating to procedure on appeal, as well as jurisdiction. For example, Section 2501.02, Revised Code (126 Ohio Laws, 56, effective in 1955), enumerates the types of actions appealable on questions of law and fact. Section 3109.07, Revised Code (since repealed), required a bond on appeal from the Juvenile Court and was held to be jurisdictional in *Volz* v. *Volz*, 167 Ohio St., 141. Also, see the footnote in 165 Ohio St., at page 333. By the enactment of the Revised Code in 1953, the General Assembly has again spoken on the jurisdiction of the Courts of Appeals.

[5]Footnote on Page 261.
[6]Footnote on Page 261.
[7]Footnote on Page 261.
[8]Footnote on Page 261.

254

In *Green* v. *Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St., 1, the Supreme Court holds that the amendment effective in 1945 is the sole source of jurisdiction of the Court of Appeals and that such jurisdiction cannot be enlarged by the General Assembly. The latter may legislate as to the jurisdiction of the Courts of Appeals to review, affirm, modify, set aside or reverse final orders or judgments of boards, commissions, officers, tribunals or courts of record inferior to the Court of Appeals, but it has no authority to confer on the Courts of Appeals jurisdiction to review any orders which do not constitute final orders or judgments, such as an order granting a motion for a new trial. The *Green case* was decided by a divided court, four to three. In the majority opinion (156 Ohio St., at page 11) Judge Stewart says:

"When the people amended Section 6, Article IV of the Constitution, by their vote on November 7, 1944, they could have given the General Assembly unlimited power to confer appellate jurisdiction on the Courts of Appeals, or they could have given the Courts of Appeals the authority to review orders granting motions for new trial. But they did not do so. They did enlarge the jurisdiction of Courts of Appeals by giving them appellate jurisdiction, as may be provided by law, to review judgments or final orders of boards, commissions, officers and tribunals, in addition to courts, but they still kept in the Constitution the provision that the review shall be confined to judgments or final orders."[9]

In his dissent, after italicizing "such jurisdiction as may be provided by law," Judge Zimmerman, at page 14, says: "Obviously, the purpose of this amended section was to remove the 'jurisdiction' of Courts of Appeals from the confines of the Constitution and place it within the broad powers of the General Assembly."

Judge Hart in his dissent, in which Judge Edward S. Matthias concurred, also emphasizes "as may be provided by law" and remarks:

"The present Appellate Procedure Act has been in operation since September 1947, during which time the courts of this state have come generally to regard the vacating of a judgment

---

[9]Footnote on Page 261.

upon a motion for a new trial as a final order. In my opinion, this court is not justified in creating the confusion which a reversal of that rule of procedure will entail."

The confusion, which Judge Matthias predicted, might be removed should the court have the opportunity to rereview its divided opinion in the *Green case*.

In *McAtee v. Western & Southern Life Ins. Co.*, 82 Ohio App., 131, Judge Ross (who was also a member of the Ohio Judicial Council) remarks:

"By an amendment to Section 6, Article IV of the Constitution of Ohio, the Legislature was given full power to provide for the review of 'judgments and final orders' of courts of record inferior to the Court of Appeals. This power was not as wide as that conferred by the Constitution of 1851 upon the Circuit Courts, which provided that the Circuit Courts should have 'such appellate jurisdiction as may be provided by law.' Even when the Legislature acts it will be limited to provisions for review of 'judgments and final orders.' And the meaning of those terms as used in the amendment will be limited as before by the scope of their definition as understood and accepted at the time of the adoption of the amendment.

"The Legislature can no more designate an order final, which is not so in fact, than could it in the past, or now denominate an action a chancery case which did not meet the requirements specified by judicial construction. *Borton v. Earhart*, 144 Ohio St., 334, 59 N. E. (2d), 37."

It will be noted that Judge Ross said that the power conferred upon the General Assembly is not as wide as that conferred by the 1851 Constitution, apparently because of the limitation to judgments and final orders. Under the 1851 provision the clause was "and such appellate jurisdiction as may be provided by law" without reference to judgments and final orders of inferior courts and tribunals.

Under the *Green* and *McAtee decisions*, notwithstanding the constitutional provision that the Courts of Appeals shall have such jurisdiction as may be provided by law to review judgments or final orders of courts of record inferior to the Court of Appeals, the General Assembly has no authority to confer on Courts of Appeals jurisdiction to review any orders which do not constitute final orders or judgments which are not

so in fact as understood and accepted at the time of the adoption of the amendment effective in 1945. Nevertheless, those decisions do not prohibit the General Assembly from subtracting from such final orders or judgments or from failing to provide jurisdiction to review certain types of final orders or judgments. As a matter of fact, in the first paragraph of the syllabus in the *Green case* the court specifically says: "The latter may legislate as to the jurisdiction of the Court of Appeals to review," etc.

Under the 1945 amendment to the Constitution, does the state have the right of appeal from an adverse judgment in a criminal case?

It would seem to be without question that a judgment of a court inferior to the Court of Appeals discharging an accused is a final order. But prior to 1912, under the Revised Statutes, it was not such an order or judgment from which the state might take an appeal. The statutory provisions relating to appeals in criminal cases enacted since the adoption of the amendment effective in 1945 follow:

## D.

### Statutory Provisions with Respect to Appeals in Criminal Cases

Section 2953.02, Revised Code. Review of judgments.

"In a criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court or magistrate inferior to the Court of Common Pleas, may be reviewed in the Court of Common Pleas, and a judgment or final order of a court of record or officer inferior to the Court of Appeals may be reviewed in the Court of Appeals. A judgment or final order of the Court of Appeals involving a question arising under the Constitution of the United States or of this state may be appealed to the Supreme Court as a matter of right. Such right of appeal shall extend to felony cases in which the Supreme Court has directed the Court of Appeals to certify its record and in all other criminal cases of public or great general interest wherein the Supreme Court has granted a motion to certify the record of the Court of Appeals. The Supreme Court in criminal cases shall not be required to determine as to the weight of the evidence."

It is observed that it refers to a *conviction* for the violation of a municipal ordinance without reference to the prosecution.

Section 2953.03, Revised Code, refers to application on behalf of the *accused* to furnish a transcript, without mentioning the prosecution.

Section 2953.04, Revised Code, without making any distinction between the accused and the state, provides that judgments and final orders are reviewed by appeal, instituted by filing notice, etc.

Section 2953.05, Revised Code, provides:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the Supreme Court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the Court of Appeals in all cases as provided by law."

It is noted that the first sentence refers to filing an appeal as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing a defendant on probation, thus indicating that the Legislature was thinking about the defendant rather than the state.

Section 2953.051, Revised Code, also refers to the defendant with regard to suspension of sentence.

Section 2953.06, Revised Code, provides:

"Before the filing of a notice of appeal or a motion for leave where leave must first be obtained, a copy thereof must be served upon the prosecuting attorney. Notice of appeal shall contain a description of the judgment so as to identify it, and motions for leave to file shall state the time and place of hearing."

It will be noted that no provision is made for serving simi-

lar notice upon the accused in the event of an appeal by the prosecution.

Sections 2953.07 to 2953.13, Revised Code, also deal with rights of the accused.

Section 2953.14, Revised Code, is the sole section in Chapter 2953 dealing with criminal appeals, which refers to appeals by the state, and it provides:

"Whenever a court superior to the trial court renders judgment adverse to the state in a criminal case or proceeding, the state, through either the prosecuting attorney or the Attorney General, may institute an appeal to reverse such judgment in the next higher court. If such conviction was for a violation of a municipal ordinance, such appeal may be brought by the solicitor of the municipal corporation. Like proceedings shall be had in such higher court at the hearing of the appeal as in the review of other criminal cases. The clerk of the court rendering the judgment sought to be reversed, on application of the prosecuting attorney, Attorney General, or solicitor, shall make a transcript of the docket and journal entries in such case, and transmit it with all bills of exceptions, papers, and files in the case, to such higher court."

If the state were otherwise authorized to institute an appeal, that section might be unnecessary.

In lieu of any provision authorizing the state to take an appeal from a judgment of the trial court to the Court of Appeals in a criminal case, Section 2945.67, Revised Code, provides:

"The prosecuting attorney or the Attorney General may except to a decision of the court and present a bill of exceptions thereto. The court shall sign said bill and it shall be made a part of the record."

Section 2945.68, Revised Code, provides:

"The prosecuting attorney or the Attorney General may present a bill of exceptions in a criminal action to the Court of Appeals or the Supreme Court and apply for permission to file it with the clerk of the court for the decision of such court upon the points presented therein. Prior thereto, he shall give reasonable notice to the judge who presided at the trial in which such bill was taken, of his purpose to make such application. If the Court of Appeals or the Supreme Court allows the bill to be

filed, the prosecuting attorney or Attorney General shall, within ten days of the filing of the bill, file his brief in support of such exceptions and forthwith serve a copy thereof upon the trial judge and any attorney appointed by the judge to argue the exceptions against the prosecuting attorney or the Attorney General."

Section 2945.70, Revised Code, provides:

"If the Court of Appeals or the Supreme Court is of the opinion that the questions presented by a bill of exceptions should be decided, it shall allow the bill of exceptions to be filed and render a decision thereon. This decision shall not affect the judgment of the Court of Common Pleas in said cause, nor shall said judgment of the Court of Common Pleas be reversed, unless the judgment of the Court of Appeals or the Supreme Court reverses the judgment of the Court of Common Pleas on its ruling on a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment. In all other cases the decision of the Court of Appeals or the Supreme Court shall determine the law to govern in a similar case."

The provisions of Section 2945.68 *et seq.*, Revised Code, are old, having been first enacted April 16, 1867 (64 Ohio Laws, 243). It is noted, inferentially at least, that, incident to determination of the exceptions, a judgment of the Common Pleas Court on a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment may be reversed.

Following the reasoning of the pre-1912 opinions of the Supreme Court, that the weight of authority in this country is against the right of the state to bring error in a criminal case, which decisions have not been overruled except in the *Eastman* case as a result of conferring jurisdiction directly upon the Courts of Appeals by the Constitution and in the light of the provisions of the amendment effective in 1945 returning to the General Assembly the right to provide such jurisdiction by law, and since the General Assembly has not expressly provided by statute the right of the state to institute an appeal other than from an intermediate appellate court or by way of leave to file a bill of exceptions, we are inclined to the belief that no such right is conferred upon the prosecution. We recognize that for the purpose of the instant case this conclusion is obiter dicta but it is made preliminarily as a predicate to our decision on the particular question presented.

As indicated at the outset of this opinion, Section 1901.30, Revised Code, provides in general terms for an appeal to be taken in accordance with the Appellate Procedure Act and the Criminal Code without expressly providing that a municipality may take an appeal in a criminal case. Again applying and following the reasoning of the pre-1912 cases in the absence of an express statutory provision conferring the right of appeal upon the municipality, we conclude that no such right exists and that this court does not have jurisdiction to entertain or allow the city's application for leave to appeal.

The conclusion we have reached herein with respect to the right of the state to take an appeal as a predicate for our conclusion that a municipality may not take an appeal from an adverse judgment in a criminal case is in conflict with the judgment pronounced upon the same question by the Court of Appeals for Franklin County in *State* v. *Dean*, 107 Ohio App., 219. Therefore, the record in this case will be certified to the Supreme Court for review and final determination.

The application for leave to file appeal is overruled and the cause is remanded to the Municipal Court for execution for costs without prejudice to the right of the city of Toledo to reinstitute another action against the defendant.

*Application overruled.*

SMITH and DEEDS, JJ., concur.

---

[1]For an exhaustive review of the history and jurisdiction of the Courts of Appeals, see article by the late Court of Appeals Judge James E. O'Connell, 14 Ohio Opinions (2d), 352.

---

[2]Under the last clause, provision was made by statute for appeals from the Public Utilities Commission and the Board of Tax Appeals.

---

[3]The limitation, "as may be provided by law," is applicable only to "other courts of record," and not to the entire clause.

---

[4]The court overlooked or ignored the pre-1912 cases denying the right of the state to an appeal in the absence of express provision therefor, and was apparently intent on emphasizing the constitutional jurisdiction of the Court of Appeals.

⁵Section 6 of Article IV was amended in 1959 without any change in the provision under consideration here.

---

⁶Instead of the limitation being put at the end of the sentence, as in the 1912 provision which the *Eastman case* apparently applies only to other courts, the limitation under the 1945 amendment now precedes the power to review, etc. Therefore, the jurisdiction of the Courts of Appeals to review judgments below is such "as may be provided by law," and the jurisdiction of the Courts of Appeals to review under the 1945 amendment reverts to the jurisdiction accorded the old District and the former Circuit Courts, pre-1912. The amendment also eliminated the former provision for "appellate jurisdiction in the trial of chancery cases," now prescribed by statute—Section 2501.02, Revised Code.

---

⁷In *State* v. *Dean*, 107 Ohio App., 219, Hornbeck, J., refers to *State (ex rel. Devine, Pros. Atty.)* v. *Harter*, 167 Ohio St., 51, as indicating that the state has the right to appeal from the action of the Common Pleas Court in granting a new trial. The *Harter case* was by a divided court, and the dissenting judge denominated the case as an unbelievable "Comedy of Errors." In the majority *per curiam (sic)* opinion it is said hypothetically: "If it commits error in again passing on the motion for new trial, such error might constitute a technical abuse of discretion which could be made the subject of an appeal by the relator [prosecuting attorney] to the Court of Appeals from the judgment of the Common Pleas Court sustaining a motion for a new trial."

---

⁸No doubt the court recognized in the *Youngstown case* that the jurisdiction had been removed from the Constitution and replaced in the General Assembly. Since no implementing legislation had been enacted in the interim it was probably necessary for the court to ignore the implementing clause of the proposed amendment making its provisions effective and thereby self-executing on and after January 1, 1945.

---

⁹The amendment effective in 1945 was drafted and sponsored by the Ohio Judicial Council. In its Sixth Report to the General Assembly convening January 4, 1943, the Council states:

"The Judicial Council advocates amendment of Article IV, Section 6 of the Constitution of Ohio to return to the General Assembly the right to determine the appellate jurisdiction of the Courts of Appeals of Ohio. Beginning with the first Constitution of the state of Ohio (1802) the jurisdiction of the courts of the state was such as was prescribed by law."

After quoting verbatim the provisions of Sections 1, 2, and 3 of Article III of the Constitution of 1802, in which the clause, "which court shall have common law and chancery jurisdiction in all such cases as shall be directed by law," was italicized, the report further states:

"The present Constitution was formulated in 1851 and when adopted gave the General Assembly power to determine the jurisdiction of the courts, excepting however, jurisdiction as to certain original writs. Circuit Courts,

or the intermediate reviewing courts comparable to the present Courts of Appeals, originated with the Constitution of 1851 and their jurisdiction was provided by Section 6 of Article IV which reads as follows:

" 'The Circuit Court shall have like original jurisdiction with the Supreme Court and such appellate jurisdiction as may be provided by law.' "

The report further states:

"It was not until 1913 that the appellate jurisdiction of Courts of Appeals was made constitutional instead of legislative. * * * Shortly, after the amendment of that section the Supreme Court of Ohio, in the case of *Cincinnati Polyclinic* v. *Balch*, 92 Ohio St., 415, was called upon to determine whether the General Assembly had authority to enlarge the constitutional appellate jurisdiction of the Courts of Appeals as follows:

" '1. Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the Courts of Appeals to review, affirm, modify or reverse the judgments of the Court of Common Pleas, Superior Courts, and other courts of record within the district. The General Assembly has no power to enlarge or limit the jurisdiction conferred by the Constitution of the state, but may provide by law for the method of exercising that jurisdiction.

" '2. Section 26 of the act of April 17, 1913 (103 O. L., 279) as amended February 6, 1914 (104 O. L., 187), in so far as it purports to limit the appellate jurisdiction of the Court of Appeals to review, affirm, modify or reverse the judgment of the Courts of Common Pleas within its district, is unconstitutional and void.'

"The opinion in that case is clear and definite in holding there is no authority in the General Assembly to add to or to take from the appellate jurisdiction of the Courts of Appeals as conferred by the constitution.

"Since the date of the amendment to Section 6, Article IV of the Constitution, the appellate jurisdiction of the Courts of Appeals has remained unchanged, and in view of present conditions this situation should no longer continue.

"The Judicial Council recommends that the words 'and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law,' be stricken from Section 6, Article IV, and that there be substituted in lieu thereof:

" 'and such jurisdiction as may be provided by law to review, affirm, modify or reverse judgments or orders of administrative boards, commissions or officers, and of courts of record inferior to the Court of Appeals within the district.'

"This proposed amendment will not affect the original jurisdiction conferred by the Constitution on the Courts of Appeals in quo warranto, mandamus, habeas corpus, prohibition and procedendo. The recommended amendment will return to the General Assembly the power to determine the appellate jurisdiction of the Courts of Appeals."

After referring to the further amendment to permit appeals from boards and commissions the report concludes:

"To summarize the foregoing, the recommendations of the Judicial Council are as follows:

"1. The Council recommends the amendment of Section 6, Article IV of the Constitution to return to the General Assembly the power it originally had to provide by law for the appellate jurisdiction of the Courts of Appeals throughout the state.

"2. The Council recommends that the appellate jurisdiction of the Courts of Appeals be further enlarged to permit appeals from such orders of boards, commissions, officers or courts as the Legislature may, in its discretion, permit."

In a report by the late Judge Arthur W. Overmyer on behalf of the Judicial Council to the Ohio Bar Association on April 12, 1943, Judge Overmyer states: "the proposal advocates the amendment of Article IV, Section 6 of the Constitution *to return to the General Assembly* the right to determine the appellate jurisdiction of the Courts of Appeals of Ohio." (Italics supplied.)