Taft, C. J.
The right to appeal from a judgment of a court must be conferred by constitution or by statute. In re Mahoning Valley Sanitary District (1954), 161 Ohio St., 259,119 N. E. (2d), 61.
Section 6 of Article IV of the Constitution has, since 1945, provided for appeals to the Courts of Appeals as follows:
“The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals within the district * * (Emphasis added.)
Paragraph one of the syllabus of Mick v. State (1905), 72 Ohio St., 388, 74 N. E., 284, reads:
“The right of the state to prosecute error in a criminal case exists only when such right is expressly conferred by statute.”
Inasmuch as no double jeopardy would be involved if an appeal were authorized from this judgment of the Municipal Court in the instant case, there is no question that the G-eneral Assembly could authorize such an appeal. The question is whether it has.
Under Section 1901.30, Revised Code, an appeal from the Municipal Court to the Court of Appeals in a criminal case can only be taken “in accordance with Sections * * * 2953.02 to 2953.14, inclusive, of the Revised Code.” Those sections provide for criminal appeals.
There is no language in those statutes which would support an inference of a legislative intention to give a right of appeal from the judgment of a trial court with respect to a charged violation of a municipal ordinance except one involving conviction for violation of such an ordinance. On the contrary, there are many words in those statutes which clearly indicate a legislative intention to withhold from the state any right to appeal from an adverse judgment of a trial court.
For example, Section 2953.02 reads:
“ In a criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court or magistrate inferior to the Court of Common Pleas, may be reviewed in the Court of Common Pleas, and a judgment or final order of a court or officer inferior to *255 the Court of Appeals may be reviewed in the Court of Appeals. * * *” (Emphasis added.)
The words of Section 2953.03 clearly indicate that Section 2953.02 is only to cover appeals “by or on behalf of a defendant.” Section 2953.03 provides only for a “defendant” applying for and getting what would be necessary to maintain any appeal, i. e., “a * * * transcript of the record and docket entries and entries on the journal * * * with the original papers in the case.” Section 2953.04 refers to “filing the notice of appeal” and “the transcript and original papers as provided in Section 2953.03.” Section 2953.05 limits the time for such appeal by referring to “after judgment ancl sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence,” all indicating the G-eneral Assembly was contemplating appeals by defendants and not by the state. Section 2953.06 provides for serving a copy of a “notice of appeal” only upon “the prosecuting attorney.” Sections 2953.07 to 2953.13, inclusive, also deal only with the rights of the defendant.
See also State v. Simmons (1892), 49 Ohio St., 305, 31 N. E., 34, dealing with similar statutory provisions.
Section 2953.14, Revised Code, is the only statute relating to criminal appeals which contemplates any kind of appeal by the state. It specifically authorizes such an appeal but only “whenever a court superior to the trial court renders judgment adverse to the state ’ ’ and then only provides ‘ ‘ an appeal to reverse such judgment in the next higher court.” Furthermore, the second sentence of the statute uses the words “such conviction” so as to clearly indicate that no appeal was contemplated from a trial court except from a judgment of conviction.
It may be suggested that Section 2945.70, Revised Code, relating to a decision on questions presented by a bill of exceptions of a prosecuting attorney might in effect represent an appeal by the state in a criminal case. However, under Section 1901.30, Revised Code, an appeal from the Toledo Municipal Court to the Court of Appeals in a criminal case can only be taken “in accordance with Sections * * * 2953.02 to 2953.14, inclusive, Revised Code.”
There are statements in the opinion in State, ex rel. Devine, *256 Pros. Atty., v. Harter, Judge (1957), 167 Ohio St., 51, 146 N. E. (2d), 437, which indicate that the state does have a right of appeal in a criminal case where no double jeopardy is involved. However, no question was apparently raised in this court in that case as to the right of the state to so appeal. Hence, for the reasons stated in Corn v. Board of Liquor Control, 160 Ohio St., 9, at 19 and 20, 113 N. E. (2d), 360, we do not believe those statements should be controlling in the instant case. Furthermore, any effect of the decision in State, ex rel. Devine, v. Harter, supra, or of the decision in State v. Dean, supra (107 Ohio App., 219), as a recognition of a right of the state to appeal from an adverse decision in a criminal case may have been affected by the 1960 amendment of Section 2953.05 to expand the words “judgment and sentence” so as to specifically delimit instances of final orders and judgments from which an appeal may be taken. These expanded words have been quoted above.
It is not necessary for us to determine that the state has no right of appeal in a criminal case. It is apparent, however, from a reading of Section 1901.30 and the statutes referred to therein that there is no right of appeal in a criminal case involving a charge of violation of a municipal ordinance except from a judgment of conviction.

Judgment affirmed.

Matthias, Griffith, Herbert and Gibson, JJ., concur.
Zimmerman and O’Neill, JJ., dissent.